671 So.2d 979 (1996)
Todd GUIDRY
v.
Kevin DENY, Richard and George Williamson d/b/a Audubon Tavern II and XYZ Insurance Company.
Nos. 95-CA-2115, 95-CA-2604.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1996.
*980 B. Frank Davis, Howard B. Kaplan, Bernard, Cassisa & Elliott, Metairie, for Defendant-Appellee.
John E. Galloway, New Orleans, for Defendants-Appellants.
Before SCHOTT, C.J., and PLOTKIN and WALTZER, JJ.
SCHOTT, Chief Judge.
This suit arose out of a fight between plaintiff, Todd Guidry, and defendant, Kevin Deny, while they were customers in Audubon Tavern, which is allegedly owned and operated by appellants, Richard and George Williamson and Lehmco, Inc. Made defendant by Guidry and by appellants in a cross-claim was their insurer, Classic Syndicate, Inc., which denied coverage. The trial court granted Classic's motion for summary judgment and the Williamsons and Lehmco have appealed. The question on appeal is whether there are any issues of material fact which would preclude summary judgment on the issue of coverage. We affirm.
In his petition Guidry alleges that he was a customer in Audubon Tavern II when Deny began shoving and cursing some of Guidry's female friends. Guidry asked Deny to stop and turned away to resume conversation with his friends when Deny attacked him from behind striking him in the head and face with a beer bottle and beating him to the floor with his fists and the bottle. Guidry further alleges that all of his injuries were the "direct result of the aforementioned violent attack perpetrated upon [him] by Deny." As to Audubon Tavern II, Guidry alleges that its manager and staff did nothing to stop Deny's attacks and had no police or security guard to protect patrons. Guidry also alleges that Deny, appellants, and their insurer "must stand responsible" for the following acts on Deny's part:
On the part of Kevin Deny, in that Kevin Deny will-fully, intentionally, maliciously, and without provocation physically attacked, beat, and perpetrated an aggravated battery upon the person of the plaintiff Todd Guidry, directly causing severe personal injuries and other aforementioned losses.
In his answer Deny alleged that Guidry was the aggressor and he accuses Guidry of assault and battery on him.
Classic issued a Commercial Lines Policy to Lehmco which provided general liability coverage. However, the policy contained the following exclusion:
ASSAULT AND BATTERY EXCLUSION
NOTWITHSTANDING ANYTHING CONTAINED HEREIN TO THE CONTRARY, IT IS UNDERSTOOD AND AGREED THAT THIS POLICY EXCLUDES COVERAGE FOR DEFENSE AND INDEMNITY OF INJURIES, DAMAGES, CLAIMS ALLEGATIONS, LAWSUITS, JUDGEMENTS, AWARDS, FINDINGS OR SETTLEMENTS ARISING OUT OF ACTS OF ASSAULT AND BATTERY, OR OUT OF ANY ACT OR OMISSION IN CONNECTION WITH THE PREVENTION OR SUPPRESSION OF SUCH ACTS, INCLUDING BUT NOT LIMITED TO ALLEGATIONS OF NEGLIGENT HIRING AND/OR SUPERVISION, WHETHER SUCH ACTS ARE CAUSED BY OR AT THE INSTIGATION OR DIRECTION OF YOU, YOUR EMPLOYEES, PATRONS OR ANY OTHER INSURED, OR PERSONS WHATSOEVER.
In this court appellants rely on depositions of Guidry and Deny to attack the summary judgment and they also contend that Classic had an obligation to defend them *981 based solely upon the allegations of the petition. We will first address this second argument.
The law is well settled that while the insurer's obligation to defend is broader than its liability and while that obligation is determined by the allegations of the petition filed against its insured the insurer has no obligation to defend when the petition unambiguously excludes coverage. Meloy v. Conoco Inc., 504 So.2d 833, 838 (La.1987).
In the present case the plaintiff is suing Deny for damages resulting from assault and battery. He alleges that appellants are also liable for his damages because their agents sat by and did nothing to prevent him from being battered by Deny and because of their lack of security in the first place. All of plaintiff's injuries, according to his own petition, arose out of Deny's acts of assault and battery. The Assault and Battery Exclusion paragraph quoted above unambiguously excluded coverage for defense as well as indemnity. This is clear, unambiguous English language which cannot yield a different interpretation. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. C.C. art. 2046. In this case the parties to the contract of insurance, appellants and Classic, clearly intended to have liability coverage which would exclude coverage for the kind of claim Guidry has made against appellants.
As to the merits of the summary judgment itself, the only documents before the trial court other than the pleadings and some written interrogatories were the depositions of Guidry and Deny. Guidry testified that he was attacked, struck with a beer bottle, and beaten by Deny. He said when the fight was over he immediately, voluntarily, and under his own "motor power" left the Tavern. He attributes all of his injuries to Deny's attack upon him. This is entirely consistent with his petition.
On the other hand Deny stated that after he hit Guidry maybe twice with light blows to get him away, Guidry was dragged out by Deny's fraternity brothers and random people who "got some shots on him" and by the bouncers. He said the random people and bouncers took Guidry out because he started to fight. He also said with respect to the random people and bouncers that he didn't know if they did the damage to Guidry but he guessed they did because he knew he didn't.
Appellants argue that this testimony raised an issue of material fact as to who caused plaintiff's injuries, Deny or appellants' bouncers, which precludes summary judgment. Appellants postulate that the evidence may show at a trial that the fight between Guidry and Deny was over when the bouncers, for reasons unrelated to the fight, negligently injured Guidry as they escorted him from the tavern. This argument is specious. Appellants were sued by Guidry, not by Deny. The only effect of Deny's theory if believed at trial might be to exonerate Deny. But this cannot change Guidry's cause of action against appellants which is that they did nothing to help Guidry while he was being beaten by Deny. Furthermore, even Deny's testimony to the effect that Guidry was taken out by the bouncers to stop the fight would not change the fact that all of his injuries arose out of the suppression of assault and battery whether by Guidry or Deny. We have concluded that Deny's deposition testimony regarding the bouncers raises a factual issue which is not material to the question of coverage for the claim made against appellants by Guidry.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.