JiHIGHTOWER, Judge.
After its recent pronouncement in Hickey v. Centenary Oyster House, et al., 97-1074 (La.10/20/98), 719 So.2d 421, the Louisiana Supreme Court remanded this matter to facilitate the reconsideration of our earlier unpublished decision [Randall Glen Matthews, et al. v. City of Shreveport, et al., 29,396, 693 So.2d 16 (La.App.2d Cir.04/02/97)]. Vacating that prior resolution, we now affirm the trial court’s summary'judgment in favor of defendant, Colony Insurance Company.

Facts

As set forth in our previous opinion, plaintiffs Randall Matthews, Allan Matthews, Glenda Kondrat, Thomas Statham, and Mary Statham attended a Shreveport Pelican’s semi-professional football game as spectators on August 27, 1994. Two other plaintiffs, Nicole Matthews and Tisha Matthews, had been scheduled to perform there as cheerleaders. A private security firm, Melvin Ashley d/b/a Security Professionals, provided security for the event.
Prior to kickoff, several of the cheerleaders noticed a group of men (ten to sixteen in number) drinking beer and shouting profanities toward them, other female spectators, and one of the female security guards. When Allan Matthews, Nicole’s husband, approached a security guard requesting that something be done about the unruly behavior, that individual allegedly indicated that he could do nothing. Shortly thereafter, one of the cheerleaders unsuccessfully asked another attendant to control the disorderly conduct. Upon Randall Matthews’s subsequent arrival at the game, he sought similar assistance from yet another guard, who directed him to the location of the defiant group and motioned for Matthews to speak to the ruffians. When Randall inquired as to which of the hooligans had been harassing his wife (Tisha), one very large individual boldly claimed responsibility. Randall then turned to the security guard, who stood mute and later retreated when the bully faked a lunge at him.
Not surprisingly, Randall Matthews also withdrew when the threatening individual next asked what Matthews planned to do. As the instigator then came forward, Matthews threw his hands up in defense before finally wrestling down his attacker. The remaining ^members of the boisterous group then quickly advanced, using their hands and feet to pummel their victim while dragging him down the stairs. At the bottom of the stands, Randall’s sister, Nicole, came to his assistance. Eventually, one of the assailants struck the cheerleader in the mouth, knocking her down and smashing her head and back onto the concrete floor.
Both Randall and Nicole required emergency room treatment for injuries sustained in the exchange. They, along with the other plaintiffs averring emotional distress as a result of the unexpected events, later filed suit naming as defendants the City of Shreveport and its recreation department, Clayton Lane d/b/a The Shreveport Pelicans and his liability insurer, the Caddo Parish Sheriffs Department, and Melvin Ashley d/b/a Security Professionals and his liability insurer, Colony Insurance Company. Specifically, plaintiffs alleged that Security Professionals failed to provide a safe environment for spectators at the game, inadequately trained its security guards who failed to provide crowd control, failed to take reasonable steps to ensure that a breach of peace did not endanger innocent parties, and failed to protect observers from harm at the hands of an angry mob.
Ashley’s coverage, a general liability policy issued in accordance with La. R.S. 37:3271, et seq., had been purchased from the Nichols Agency, Inc. The insurer, Colony, filed a motion for summary judgment relying on an “assault and battery” exclusion in its contract.[1] In opposition, plaintiffs contended *1061 that the exclusion violated public policy, and that there remained a material issue of fact as to whether or not Nichols employees bacted as agents for Colony so as to bind that company with their claimed representations of coverage. The trial court, finding no genuine issue of material fact as to the agency relationship, in addition to noting that the exclusion did not offend public policy, granted summary judgment in favor of Colony. An appeal ensued.
Relying on the legally identical Hickey, swpra, decided simultaneously by another panel of this court, we reversed the trial court judgment on the grounds that the assault and battery exclusion violated public policy. From that decision, Colony applied to the Louisiana Supreme Court for certiora-ri. That court, after reversing Hickey upon finding such an assault provision did not contravene public policy, remanded this case to us for reconsideration.

Discussion

Despite arising from different facts, Hickey posed the identical legal issues presented in this appeal. Indeed, by footnote, the author of our prior decision (the present writer) “frankly question[ed] the soundness” of Hickey and anticipated a supreme court pronouncement that would resolve the conflict of authority within the circuits as to whether assault and battery exclusions, within a general liability contract issued to a private security business, defied public policy. Accordingly, with our highest court now having achieved that resolution, we vacate our earlier judgment and, at this time, on that issue, affirm the trial court’s determination in favor of Colony Insurance Company.
Similarly, the record well reflects beyond any genuine issue of material fact that no agency relationship existed between Colony and Nichols. Moreover, the summary judgment process is now favored under recent legislative amendments, see Acts 1996, No. 9 (First Extraordinary Session), and Acts 1996, No. 482, which apply retroactively. Anderson v. Allstate Ins. Co., 28,847 (La.App.2d Cir.09/24/97), 699 So.2d 1160. Thus, the trial court did not err in this regard.

Decree

bFor the foregoing reasons, we vacate our earlier judgment [Randall Glen Matthews, et al., v. City of Shreveport, et al., 29,396, 693 So.2d 16 (La.App.2d Cir.04/02/97) ] and, instead, now affirm the summary judgment of the trial court in favor of the insurer, Colony Insurance Company. Plaintiffs are assessed for costs.
AFFIRMED.
MARVIN, J. Ad Hoc, concurs in the result.

. The assault and battery exclusion, contained within an endorsement to the policy, provides:
This Insurance does not apply to Bodily Injury or Property Damage arising from:
*1061 A) Assault and Battery committed by any insured, any employee of any insured, or any other person, whether or not committed by or at the direction of any insured.
B) The failure to suppress or prevent assault or battery by any person in (A) above;
C) The failure to provide an environment safe from assault and battery or failure to warn of the dangers of the environment which could contribute to assault and battery.
D) The negligent hiring, supervision or training of an employee of the insured;
E) The use of reasonable force to protect persons or property intended from the standpoint of the Insured or at the direction of the insured.