792 So.2d 870 (2001)
Earl FOURNETTE, III
v.
Chau TRAN and Colony Insurance Company.
No. 2000-CA-0805.
Court of Appeal of Louisiana, Fourth Circuit.
July 11, 2001.
Rehearing Denied September 6, 2001.
*871 Peter D. Derbes, New Orleans, Counsel for Plaintiff/Appellant.
Jonathan M. Shushan, Sidney L. Shushan, Guste, Barnett & Shushan, L.L.P., New Orleans, Counsel for Defendant/Appellee, Colony Ins. Co.
Howard B. Kaplan, Francine M. Giugno, Bernard, Cassisa, Elliot & Davis, Metairie, for Defendant/Appellee, Chau Tran.
Court composed of Judge DENNIS R. BAGNERIS, Sr., Judge MICHAEL E. KIRBY, and Judge DAVID S. GORBATY.
BAGNERIS, Judge.
Plaintiff/appellant, Earl Fournette, III ("Mr.Fournette"), instituted the present suit seeking damages for injuries sustained during an attempted robbery at the Mike and Ike Supermarket, located at 2101 Pauger Street in the City of New Orleans. Named as defendants in the suit were Mr. Tran, Sang Thi Tran, the owner of the store, and Colony Insurance Company ("Colony Insurance", "Colony"), the Mike and Ike Supermarket's liability insurer.
Colony Insurance filed a motion for summary judgment alleging that the policy issued to the Mike and Ike Supermarket excludes coverage for damages arising from an assault and battery. The trial court granted Colony's motion for summary judgment, dismissing them from the suit. It is from this judgment that Mr. Fournette now appeals. After careful review of the briefs, the record and the hearing transcript in this matter, we affirm in part and reverse in part.

FACTS AND PROCEDURAL HISTORY
On November 8, 1996, Chau Tran was working behind the counter at the Mike and Ike Supermarket when he allegedly observed a customer take some merchandise from a shelf and hid it in his pockets. In his deposition, Mr. Tran stated that he removed a pistol from underneath the counter, jumped over the counter and attempted to block the shoplifter's path out of the store. Mr. Tran testified that he never aimed the gun at the shoplifter or anyone else. Further, he never threatened to shoot anyone. Mr. Tran claims that he held the weapon close to his side with the gun pointed down toward the floor. Mr. Tran alleges that as the suspected shoplifter attempted to leave the store, he pushed Mr. Tran out of the way, causing Mr. Tran's arm to jerk upward and the gun to accidentally discharge, firing off a single round. The shoplifter apparently escaped without any injury. However, Mr. Fournette, an innocent bystander, was accidentally shot in the right forearm as he prepared to enter the store.
Police were called to the scene. After questioning Mr. Tran, they placed him under arrest. The facts in the police report conflict with the facts stated by Mr. Tran in his deposition. The police questioned Mr. Tran without the benefit of an interpreter. An interpreter was present for Mr. Tran's deposition. Mr. Tran pled guilty in Criminal District Court to "negligent injuring" under La. R.S. 14:39.
*872 Mr. Fournette filed suit against Mr. Tran and Colony Insurance Company. Colony and Mr. Tran both answered. In his answer, Mr. Tran requested a trial by jury. Colony filed a motion for summary judgment, arguing that assault and battery exclusion in the insurance policy absolved Colony of any liability for Mr. Fournette's damages.
A hearing on Colony's motion for summary judgment was held on October 1, 1999. The trial court judge granted Colony's motion for summary judgment, finding that the assault and battery exclusion did apply and, therefore, precluded coverage. During this same hearing, the trial court judge noted that she did not think Mr. Fournette's damages amounted to $50,000, and she apparently struck Mr. Tran's jury demand.

LAW AND DISCUSSION
Summary judgments are now favored, and the rules regarding such judgments should be liberally applied. Spicer v. Louisiana Power & Light Co., 97-2406 (La. App. 4 Cir. 4/8/98), 712 So.2d 226; Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96, 684 So.2d 488). Appellate courts review the motion for summary judgment de novo. Spicer, supra. The burden of proof remains with the movant. The movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to "point out to the court that there is an absence of factual support for one or more elements essential to the adverse party" claim, action, or defense. LSA-C.C.P. art. 966(C)(2). A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case. LSA-C.C.P. art. 966(E). A dispute as to the issue of whether, as a matter of law, the language in an insurance policy provides coverage to a party can properly be resolved within the context of a motion for summary judgment. Gaspard v. Northfield Insurance Co., 94-510 (La.App. 3 Cir. 1994), 649 So.2d 979; Domingue v. Reliance Insurance Co., 619 So.2d 1220 (La. App. 3 Cir.1993). Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed facts shown by the evidence supporting the motion, under which coverage could be afforded. Gaspard supra; Westerfield v. LaFleur, 493 So.2d 600 (La.1986).
This Court dealt with insurance policies and policy exclusions in Michelet v. Scheuring Security Services, Inc., 95-2196 (La.App. 4 Cir. 9/4/96), 680 So.2d 140 and stated, in pertinent part, as follows:
"An insurance policy is a contract between parties and should be construed according to contract principles." Smith v. Matthews, 611 So.2d 1377 (La. 1993). When the language of a policy is clear and not ambiguous, the insurance contract must be enforced as written. When the wording is clear, the courts lack the authority to alter or change the terms of the policy under the guise of interpretation. Louisiana Insurance Guaranty Association v. Interstate Fire & Casualty Company, 93-0911 (La.1/14/94), 630 So.2d 759. In interpreting insurance contracts the judicial responsibility is to determine the parties' common intent. Such intent is to be determined according to the ordinary, plain and popular meaning of words used in a policy. La. C.C. arts. 2045 and 2047; Breland v. Schilling, 550 So.2d 609 (La.1989). The liability under a comprehensive liability policy is only *873 as provided in the policy and the attached endorsements. The parties are free to select the types of risks to be covered. First Mercury Syndicate, Inc. v. New Orleans Private Patrol Service, Inc., 600 So.2d 898 (La.App. 4th Cir. 1992), writ denied, 608 So.2d 169 (La. 1992).
A policy should not be interpreted in an unreasonable or strained manner so as to enlarge or restrict the provisions beyond what the parties contemplated. "Absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and to impose and to enforce reasonable conditions upon the policy obligations they contractually assume." Louisiana Insurance Guaranty Association, 630 So.2d at 763. "Ambiguity must be resolved by construing the policy as a whole. Pareti v. Sentry Indemnity Company, 536 So.2d 417 (La. 1988)...."
Assault is, speaking generally, threat of a battery. "Battery is a harmful or offensive contact with a person, resulting from an act intended to cause him to suffer such a contact ... An assault is a threat of such harmful or offensive contact." Lawson v. Straus, 95-1537 (La. App. 4 Cir. 3/14/96), 673 So.2d 223; Brown v. Diversified Hospitality Group, 600 So.2d 902 (La.App. 4th Cir.1992).
The exclusion portion of the Colony insurance policy provides in pertinent part as follows:
ASSAULT AND BATTERY EXCLUSION
This insurance does not apply to damages or expenses due to "Bodily Injury", "Property Damage", "Advertising Injury", or "Medical Expenses" arising from:
A. Assault and Battery committed by any insured, any employee of any insured, or any other person,
B. The failure to suppress or prevent assault and battery by any person in A. above,
C. The failure to provide an environment safe from assault and battery or failure to warn of the dangers of the environment which could contribute to assault and battery.
D. The negligent hiring, supervision, or training of any employee of the insured;
E. The use of any force to protect persons or property whether or not the "Bodily Injury" or "Property Damage" was intended from the stand-point of the insured or committed by or at the direction of the insured.
This exclusion applies whether or not the insured, any employee of the insured, or any other persons, were under or alleged to be under the influence of alcohol.
Mr. Fournette argues that the motion for summary judgment should not be granted because there is a question of whether an assault and/or battery occurred, and this is a disputed issue of material fact that needs to be determined by a jury. In response, Colony argues that summary judgment was appropriate because Mr. Tran's actions with the shoplifter constituted an assault, and the resulting injury to Mr. Fournette arose out of Mr. Tran's assault of the suspected shoplifter. As a result, Colony is not liable for Mr. Fournette's damages, and the trial court judge correctly dismissed Colony from this suit. We agree with Colony Insurance's argument and affirm the trial court's ruling on this particular issue.
The assault and battery exclusion in this case is very clear. There is no ambiguity. Basically, as a result of the exclusion, Colony *874 Insurance will not be held liable for any injuries resulting from an assault and/or battery. Mr. Tran was an employee of the Mike and Ike Supermarket, the insured entity in this case. Therefore, Subsection (A) of the Assault and Battery applies, and Colony is not liable for Mr. Fournette's damages.
Mr. Fournette mainly takes issue with Mr. Tran's intent. He argues that it is unclear whether or not Mr. Tran, with his actions, intended to commit an assault or battery. Mr. Fournette states that it is for the trier of fact to determine Mr. Tran's state of mind, and because of this, summary judgment in this case is improper. We disagree because we find that the record reveals Mr. Tran's intent to be very clear.
La. R.S. 14:33 defines battery as "the intentional use of force or violence upon the person of another..." Assault is defined in La. R.S. 14:36 as "an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery." (Emphasis Supplied). Aggravated assault is defined in La. R.S. 14:37(A) as "an assault committed with a dangerous weapon." With regard to the issue of simple intent, a careful reading of Mr. Tran's own deposition (taken with the aid of a Vietnamese interpreter) illustrates that Mr. Tran did indeed intend to commit an aggravated assault against the shoplifter:
Q: Isn't it true that he pulled the trigger deliberately?
A: Okay, So he just wanted to frighten the suspect with the gun, so he brought it out...[1] (Emphasis Supplied).
* * * *
Q: All right. Why did he pull the trigger?
A: ... his intention was just to frighten the suspect when he held the gun,...[2] (Emphasis Supplied).
Mr. Tran's own words clearly show that he intended to frighten the shoplifter into thinking that he was going to shoot him. There is no need for a trier of fact to determine what Mr. Tran's state of mind was at the time because his own deposition testimony makes this determination.
Mr. Fournette also argues that there is still a question of whether or not Mr. Tran intended to pull the trigger. The assault and battery exclusion in the policy makes this irrelevant. According to the exclusion, the policy "does not apply to damages or expenses....arising from: A. Assault and Battery committed by...any employee of any insured..." (Emphasis Supplied). Mr. Fournette's injuries clearly arose from Mr. Tran's intended assault of the shoplifter. Therefore, Colony Insurance is not liable for them.
The law is well-settled that while the insurer's obligation to defend is broader than its liability and while that obligation is determined by the allegations of the petition filed against its insured, the insurer has no obligation to defend when the petition unambiguously excludes coverage. Guidry v. Deny, 95-2115 (La.App. 4 cir. 3/14/96), 671 So.2d 979; Meloy v. Conoco, Inc., 504 So.2d 833 (La.1987). An insurance policy is a contract between the insured and the insurer and is the law between the parties. C.C. art. 1983. When the provisions of an insurance policy are clear and unambiguous, they are to be interpreted to mean what the words say. C.C. art. 2046 et. seq.
*875 Mr. Fournette also argues that the trial court erred in striking Mr. Tran's jury demand at the summary judgment hearing because there was no prior notice to the parties, which would have afforded them the opportunity to make a record on the issue. Colony Insurance argues that there is simply no evidence in the record, up to and including the pre-trial order, to support damages over $50,000; as a result, Mr. Tran is not entitled to a jury trial. We agree with Mr. Fournette's argument and reverse the trial court on this particular issue.
In her judgment, the trial court judge noted that "the plaintiff's motion to strike jury" was granted on the grounds that Mr. Fournette's damages did not exceed $50,000. A careful review of the record in this case reveals that Mr. Fournette never filed a Motion to Strike the jury; in fact, none of the parties involved in this suit filed a Motion to Strike the jury. Therefore, the trial court judge erred by stating this in her written judgment. Further, a careful review of the record further reveals that none of the parties received any notice that the issue of whether or not there was going to be a jury trial was going to be decided at this particular hearing. Mr. Fournette argues that during the course of the hearing on Colony's Motion for Summary Judgment, the fact that a jury trial had been requested was brought to the trial court's attention by Colony's counsel, who suggested to the court that Mr. Fournette's damages could not exceed $50,000. The only mention of it appears from the following testimony of the trial court judge:
THE COURT:
I'm prepared to rule. I'm prepared to first of all say that it's not 50 thousand. I don't think it's 50 thousand.
La.C.C.P. art. 964 deals with Motions to Strike and reads as follows:
The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter. (Emphasis Supplied).
While it is true that the trial court judge did resolve the issue of a jury trial at a hearing, we find that it was improper because, according to the record, this hearing was for the purpose of determining the issue of summary judgment onlynot the issue of whether or not a trial by jury should be held. We agree with Mr. Fournette's argument that the parties were entitled to reasonable notice that the trial court would address the jury issue, thereby allowing Mr. Fournette the opportunity to submit all of his medical records in support of his opinion that his damages amounted to at least $50,000.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed in part and reversed in part. It is remanded to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART
NOTES
[1] Deposition of Mr. Chau Tran, p. 58.
[2] Deposition of Chau Tran, p. 65.