907 So.2d 134 (2005)
UNION PLANTERS BANK, National Association
v.
COMMERCIAL CAPITAL HOLDING CORPORATION, Patrick M. Haney, Mark M. Byouk, National Union Fire Insurance Company of Pittsburgh, PA and American International Specialty Lines Insurance Company.
No. 2004 CA 1521.
Court of Appeal of Louisiana, First Circuit.
March 24, 2005.
Phillip W. Preis, Charles M. Gordon, Jr., Crystal D. Burkhalter, Baton Rouge, for Appellants, Commercial Capital Holding Corporation and Healthcare Capital Management, Inc.
Patrick W. Gray, Lafayette, for Appellees, Prudential Property & Casualty Insurance *135 Company and The Prudential Property and Casualty New Jersey Holdings, Inc.
William E. Steffes, Gary K. McKenzie, Baton Rouge, for Appellees, Allstate Insurance Company and Allstate Indemnity Company.
Brent B. Barriere, New Orleans, H. Alston Johnson, III, Baton Rouge, for Appellees, State Farm Indemnity Company and State Farm Mutual Automobile Insurance Company.
Mark D. Mese, Baton Rouge, for Appellee, Union Planters Bank, National Association.
George D. Fagan, Angelina Christina, New Orleans, for Appellees, National Union Fire Insurance Company of Pittsburgh, PA and American International Specialty Lines Insurance Company.
David S. Rubin, Baton Rouge, for Appellee, Postlethwaite & Netterville (APAC).
Robert J. Young, III, Metairie, for Appellees, The Ohio Casualty Insurance Company and Ohio Casualty of New Jersey, Inc.
John B. Davis, II, Baton Rouge, for Appellee, New Jersey Manufacturers Insurance Company.
Russell L. Dornier, Baton Rouge, for Appellee, Mark M. Byouk.
Before: CARTER, C.J., PETTIGREW, and MCDONALD, JJ.
CARTER, C.J.
This is an appeal of a trial court judgment sustaining a peremptory exception raising the objection of res judicata in favor of Prudential Property and Casualty Insurance Company and The Prudential Property and Casualty New Jersey Holdings, Inc. (Prudential).

FACTS AND PROCEDURAL HISTORY
One of the defendants in this case, Commercial Capital Holding Corporation (CCHC), filed a third party demand against Prudential and, among others, State Farm Indemnity Company and State Farm Mutual Automobile Insurance Company (State Farm). Both Prudential and State Farm excepted to the third party demand. State Farm raised multiple objections, including one of res judicata, which the trial court sustained and which is the subject of a companion appeal bearing docket number 2004CA0871, Union Planters Bank v. Commercial Capital Holding Corp., 907 So.2d 129, 2005 WL 676408 (2005). Prudential raised objections of lack of personal jurisdiction, vagueness, failure to properly plead fraud, failure to name necessary and indispensable parties, no right of action and no cause of action. Prudential did not raise an objection of res judicata, although it did address that issue in the memorandum it submitted in support of its exceptions. We also note that the rule to show cause setting the exceptions for hearing ordered CCHC to show cause why the objection of res judicata should not be granted.
The trial court held a hearing on the issue of res judicata on December 15, 2003. Several parties, including Prudential, participated in the hearing. The trial court took the matter under advisement then issued written reasons for judgment and a judgment sustaining the peremptory exception raising the objection of res judicata urged by State Farm. Prudential then filed with the trial court an ex parte motion for entry of judgment on its peremptory exception raising the objection of res judicata. In that motion, Prudential contended that it raised an objection of res judicata when it raised its other objections. Prudential explained *136 that its objection was set for hearing along with the objections of other third party defendants on December 15, 2003. Prudential also stated that, "[a]t that hearing, the parties stipulated that the issues were the same regarding all third party insurer defendants and that the Court's ruling would apply to all such similarly situated defendants." Prudential urged the trial court to enter judgment on the issue of res judicata in its favor, as the trial court had done in State Farm's favor, stating:
Upon January 13, 2004, this Honorable Court entered a judgment granting the Exception of Res Judicata in favor of State Farm only. However, the written Reasons for Judgment issued by the Court upon that date specifically refers to all of the third party insurer defendants and not State Farm only and clearly appears to be intended to support judgment in favor of all of the insurers. For that reason [Prudential] believe[s] that the failure to include [it] and the other third party insurer defendants in the judgment on the peremptory exceptions of res judicata was inadvertent.
The trial court subsequently entered a judgment in Prudential's favor, sustaining a peremptory exception of res judicata and dismissing CCHC's claims against Prudential.[1] CCHC now appeals.

DISCUSSION
Like the objection of prescription, the objection of res judicata must be specially pleaded; a court cannot supply it. LSA-C.C.P. art. 927. The objection must be presented in a formal pleading and cannot be injected as an issue solely by brief or oral argument. Cf. Bergeron v. Houma Hospital Corporation of the Sisters of St. Joseph, 514 So.2d 1192, 1195 (La.App. 1 Cir.1987), writs denied, 517 So.2d 812 (La.1988). The fact that Prudential's status in this case is that of a third party defendant does not except it from these requirements. See LSA-C.C.P. art. 1111.
The record before us reflects that Prudential did file a formal pleading raising various objections. However, the objection of res judicata was not included among the objections raised. This appears to have been inadvertent since the objection of res judicata was addressed in the memorandum that Prudential submitted in support of its objections. Nonetheless, an objection of res judicata was not raised in any pleading.
Prudential did address the issue of res judicata in a memorandum and the parties allegedly stipulated that the Court's ruling on the issue of res judicata would apply equally to the third party insurer defendants. But, without raising the objection of res judicata in a pleading, Prudential did not properly plead the objection. Consequently, the trial court erred in rendering a judgment in Prudential's favor sustaining an objection of res judicata. See LSA-C.C.P. art. 927; Cf. Hayes v. Hayes, 607 So.2d 3, 5 (La.App. 2 Cir.1992). Accordingly, the trial court's judgment of May 4, 2004, must be and hereby is reversed.

CONCLUSION
For the foregoing reasons, the trial court judgment sustaining the peremptory exception raising the objection of res judicata in favor of Prudential is reversed. Costs of this appeal are assessed to Prudential.
REVERSED.
PETTIGREW, J., concurs and assigns reasons.
*137 PETTIGREW, J., concurring.
I respectfully concur with the majority in their finding that Prudential must raise the issue of res judicata through a formal pleading. However, I also have serious concerns as to whether Commercial Capital Holding Corporation has a right of action against Prudential pursuant to LA. Code Civ. P. art. 927; but I will leave that for another day.
NOTES
[1] There is no indication in the record that the judgment was rendered after any type of hearing and thus, appears to have been rendered ex parte, as requested.