TALAL SOLIEMAN
v.
JONATHAN SPEARS, LATOYA WILLIAMS, COLONY INSURANCE COMPANY, FLATIRON CAPITAL CORPORATION, BUILDING CENTER REAL ESTATE COMPANY, L.L.C, MURIEL LAND CORPORATION, ABC INSURANCE COMPANY, AND XYZ INSURANCE COMPANY
No. 2009 CA 0941.
Court of Appeals of Louisiana, First Circuit.
December 23, 2009.
Not Designated for Publication
JIM HOLT Counsel for Plaintiff/Appellee, Talal Solieman.
AMOS H. DAVIS Counsel for Defendant/Appellee, Colony Insurance Company.
BRENT E. KINCHEN, JENNIFER G. AERTKER, JONATHAN D. MAYEUX, Counsel for Defendants/Appellants, Builders Real Estate Co. & Muriel Land Corp.
Before: WHIPPLE, HUGHES and WELCH, JJ.
WHIPPLE, J.
Builders Real Estate Company and Muriel Land Corporation (collectively referred to hereinafter as "Builders") appeal from a judgment of the trial court granting summary judgment in favor of Colony Insurance Company ("Colony") and dismissing with prejudice Builders' third-party claims against Colony. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
At approximately 10:00 p.m. on the evening of November 21, 2005, plaintiff, Talal Solieman, was working alone as the general manager of Market Plus,[1] a convenience store in Baton Rouge, when he was robbed by Jonathan Spears[2] and Latoya Williams. Wearing a mask and wielding a gun, Williams entered the store and asked plaintiff "where is the money?" After plaintiff told her there was no money, Williams shot plaintiff, causing him to fall to the floor. As plaintiff tried to escape, Spears attempted to block his exit by holding the door from outside. A struggle ensued between Spears and plaintiff during which Spears punched plaintiff and plaintiff struck him back. Plaintiff eventually managed to fight off Spears and run away. Over the course of the robbery, William continued to shoot at plaintiff, causing plaintiff to sustain several gunshot wounds in the abdomen and leg.
On April 28, 2006, plaintiff filed a suit for damages against various defendants, including Builders, which owned the building where the shooting occurred and leased the premises to Solieman, Inc., and Colony, which had issued a commercial general liability (CGL) policy to Market Plus. Therein, plaintiff contended that Builders "did not have adequate lighting or security measures in place to prevent and/or deter criminal activity from occurring or taking place."
On June 1, 2006, Builders filed an answer and third-party demand[3] against Solieman, Inc. and its insurer, contending that pursuant to the lease agreement entered into by Builders and Solieman, Inc., Solieman, Inc. was contractually obligated to obtain public liability insurance and to name the third-party plaintiffs as additional insureds under the policy, and to thereby provide indemnification to Builders. Plaintiffs father, Abdullah Solieman, filed an answer to the third-party demand on behalf of Solieman, Inc.; however, Builders filed a motion to strike the answer on the basis that Solieman's pro se representation was in violation of LSA-R.S. 37:213.[4] Upon confirmation by the Louisiana State Bar Association that Abdullah Solieman was not a member of the Louisiana State Bar, the trial court signed a judgment striking the answer filed by him on behalf of Solieman, Inc. and ordering the removal of Abdullah Solieman's name as the pro se legal representative of Solieman, Inc.
In response to plaintiffs petition, Colony filed a motion for summary judgment, contending that coverage for plaintiffs claims was precluded under the assault-and-battery exclusion of its policy. The trial court agreed and rendered judgment dismissing plaintiffs claims against Colony, with prejudice, on August 24, 2007.
Thereafter, on July 28, 2008, Colony filed a second motion for summary judgment seeking to dismiss Builders' claims against it. Therein, Colony denied coverage, contending that the policy had been issued to Market Plus and that Solieman, Inc. was not listed as a named insured or as an additional insured under the policy. Colony further contended that even if Solieman, Inc. had been properly named under the policy, coverage would nevertheless be excluded for this incident under the assault-and-battery exclusion of the policy. In support of its motion for summary judgment, Colony filed a certified copy of the CGL policy, a copy of the judgment granting Colony's motion for summary judgment and dismissing plaintiffs claims against it, a copy of Builders' third-party demand, and a copy of the lease agreement between Builders and Solieman, Inc.
After a hearing on September 22, 2008, the trial court granted summary judgment in favor of Colony again finding that the policy's assault-and-battery exclusion precluded coverage for any damages arising from this incident. On October 9, 2008, a judgment was signed by the trial court granting summary judgment in favor of Colony and dismissing Builders' third-party claims against Colony with prejudice.
Builders filed the instant appeal, urging four assignments of error.[5]

DISCUSSION
A motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
The summary judgment procedure is now expressly favored in the law and is designed to secure the just, speedy, and inexpensive determination of non-domestic civil actions. LSA-C.C.P. art. 966(A)(2). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions, and affidavits in the record show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). Thus, summary judgment is appropriate for determining issues relating to insurance coverage and any related exceptions under undisputed facts. Miller v. Superior Shipyard and Fabrication, Inc., 2001-2683 (La. App. 1st Cir. 11/8/02), 836 So. 2d 200, 203.

Assignment of Error Number One
In the first assignment of error, Builders contends that the trial court apparently erroneously relied on the doctrine of res judicata in granting summary judgment upon finding that the assault-and-battery exclusion precluded recovery by Builders after finding the exclusion precluded recovery by plaintiff. Thus, Builders contends, to the extent that the trial court applied the doctrine of res judicata herein, it erred. We find no merit to these assignments.
The objection of res judicata must be presented in a formal pleading and cannot be injected as an issue solely by brief or oral argument. Union Planters Bank v. Commercial Capital Holding Corporation, XXXX-XXXX (La. App. 1st Cir. 3/24/05), 907 So. 2d 134, 136. Although the trial court granted summary judgment in favor of Colony as to plaintiffs claims and, thereafter, as to thirdparty plaintiff Builders' claims, finding in both instances that the assault-andbattery exclusion applied to preclude coverage for damages arising from this incident, neither the trial court nor Colony pled, relied on, urged, or argued the objection of res judicata as a basis for dismissal of these claims. Moreover, we note that a trial court can determine that a single policy exclusion can preclude coverage from more than one party without having to apply or rely on the doctrine of res judicata. Accordingly, this assignment of error lacks merit.

Assignment of Error Number Two
Builders next contends that the trial court erred in failing to finding Colony liable for the alleged failure of Solieman, Inc. to obtain liability coverage for Builders. Builders contends that pursuant to Section 8.2(a)(i) of the lease entered into by Builders and Solieman, Inc., Solieman, Inc. agreed to obtain "comprehensive public liability insurance against all claims on account of personal injury and property damage for which Tenant may[,] as a result of its business in the Shopping Center[,] become liable" and to name the landlord (Builders) as an additional insured. Thus, Builders argues, in the event it is not an additional named insured under the CGL policy procured by Solieman, Inc. as Colony contends, then Solieman, Inc. breached the terms of its lease agreement with Builders, and Colony, as the insurer of Solieman, Inc. is therefore liable for this breach.
To the extent that Builders is contending that Colony is liable for the failure of Solieman, Inc. to obtain liability coverage, Colony counters that all of plaintiffs claims against Colony as the purported insurer of Market Plus were dismissed with prejudice on August 24, 2007, and cannot now be revived by Builders. Moreover, Colony contends that neither Solieman, Inc. nor Market Plus have filed suit against Colony alleging insurance coverage, nor did these parties contest the trial court's ruling dismissing plaintiffs claims against Colony. Colony further argues that although Builders may have a cause of action against its lessee, Solieman, Inc., for failure to name Builders as an additional insured under the policy, as a matter of law, Colony cannot be held liable for its insured's failure to name a contractual party as an additional insured.[6]
We agree. The insured, not its contractual liability carrier, is required to name an indemnitee as an additional insured. See Lopez v. Hartford Accident & Indemnity Company, 495 So. 2d 375 (La. App. 3rd Cir.), writs denied, 498 So. 2d 757, 758 (La. 1986) and Ordonez v. W. T. Grant Company, 297 So. 2d 780 (La. App. 4th Cir. 1974). Builders has provided us with no authority, nor are we aware of any authority, supporting the imposition of liability upon Colony for Solieman, Inc.'s failure to uphold its obligations under its lease with Builders. Thus, we find no merit to this assignment of error.

Assignment of Error Number Three
In its third assignment of error, Builders contends that the trial court erred in failing to consider the Limitation of Coverage to Designated Premises or Project Endorsement to the Colony policy, which provides liability coverage for "bodily injury" arising out of "use of the premises," and where the designated premises was the site where the shooting occurred. Builders further contends that the limitation of coverage found in the endorsement "supercedes" the assault-andbattery exclusion since it comes "next" in the policy.
In response, Colony asserts that because Builders failed to raise this argument before the trial court, they are precluded from raising this issue before this court on appeal.[7]
After thoroughly reviewing the record and pleadings contained therein, we are unable to find where Builders presented the argument that the Limitation of Coverage to Designated Premises or Project Endorsement to the Colony policy "trumps" the assault-and-battery exclusion, to thereby provide coverage for Builders under the policy to the trial court. As a general rule, appellate courts may not address issues raised for the first time on appeal. Jackson v. Home Depot, Inc., XXXX-XXXX (La. App. 1st Cir. 6/10/05), 906 So. 2d 721, 725; Uniform Rules  Courts of Appeal, Rule 1-3.[8]
We find no merit to this assignment of error.

Assignment of Error Number Four
In its final assignment of error, Builders contends that the trial court erred in failing to find that the language in the assault and battery exclusion in the Colony policy was ambiguous.
An insurance policy is an agreement between the parties and should be construed according to general rules of contract interpretation. Edwards v. Daugherty, 2003-2103 (La. 10/1/04), 883 So. 2d 932,940. The judiciary's role in interpreting insurance contracts is to determine the common intent of the parties to the contract. See LSA-C.C. art. 2045; Edwards v. Daugherty, 883 So. 2d at 940. Unless the words of the policy have acquired a technical meaning, they are to be construed using their plain, ordinary, and generally prevailing meaning. See LSA-R.S. C.C. art. 2047; Cadwallader v. Allstate Insurance Company, XXXX-XXXX (La. 6/27/03), 848 So. 2d 577, 580. The agreement must be enforced as written if the policy wording at issue is clear and expresses the intent of the parties. Edwards v. Daugherty, 883 So. 2d at 941. If the terms of the policy are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. LSA-C.C. art. 2046.
An insurance company may limit coverage in any manner, as long as the limitations do not conflict with statutory provisions or public policy. Edwards v. Daugherty, 883 So. 2d at 947. The exclusionary provisions of an insurance contract are strictly construed against the insurer, and any ambiguity in the exclusion is construed in favor of the insured. See LSA-C.C. art. 2056; Ledbetter v. Concord General Corporation, 95-0809 (La. 1/6/96), 665 So. 2d 1166, 1169. The rules of construction, however, do not authorize a perversion of the words or the exercise of inventive powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clarity the parties' intent. Edwards v. Daugherty, 883 So. 2d at 932. Whether an insurance policy is ambiguous is a question of law. Gibbons v. Whiteside, XXXX-XXXX (La. App. 1st Cir. 5/6/05), 915 So. 2d 866, 869, writ denied, XXXX-XXXX (La. 12/16/05), 917 So. 2d 1116. Using these principles, we now address the pertinent policy language.
The assault-and-battery exclusion of the Colony CGL policy provides as follows:
Assault and Battery
This insurance does not apply to damages or expenses due to "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from:
(1) Assault and Battery committed by any person;
(2) The failure to suppress or prevent assault and battery by any person;
(3) The failure to provide an environment safe from assault and battery or failure to warn of the dangers of the environment which could contribute to assault and battery;
(4) The negligent hiring, supervision, or training of any person;
(5) The use of any force to protect persons or property whether or not the "bodily injury" or "property damage" was intended from the standpoint of the insured or committed by or at the direction of the insured.
Builders contends that the above exclusion is ambiguous in that the policy does not specifically state whether it excludes damages arising from all five of the enumerated provisions as there is no "and" or "or" after section (4). Builders contends that given this purported ambiguity, the exclusion should be read by this court to mean that all five provisions must exist to exclude coverage.
At the outset, we note that the assault and battery exclusion of Colony's CGL policy has been previously considered and upheld by courts in this state. See Straughter v. Hodnett, 42,827, 42,870 (La. App. 2nd Cir. 1/9/08), 975 So. 2d 81, writ denied, XXXX-XXXX (La. 5/2/08), 979 So. 2d 1286; Beck v. Burgueno, 43,557 (La. App. 2nd Cir. 9/17/08), 996 So. 2d 404; Law v. B.Z. Enterprise One, Inc., 96-0537 (La. App. 1st Cir. 12/20/96), 684 So. 2d 1121; Maldonado v. Porter, 96-839 (La. App. 5th Cir. 4/9/97), 694 So. 2d 1001. Courts have further held that the assault and battery exclusion contained in Colony's CGL policy does not violate public policy. Hickey v. Centenary Oyster House, 97-1074 (La. 10/20/98), 719 So. 2d 421; Matthews v. City of Shreveport, 29,396 (La. App. 2nd Cir. 1/20/99), 726 So. 2d 1059.
Moreover, in a case similar to the instant matter, the assault-and-battery exclusion in Colony's CGL policy was upheld as "clear" with "no ambiguity." Fournette v. Tran, XXXX-XXXX (La. Ap. 4th Cir. 7/11/01), 792 So. 2d 870, 873, writ denied, 2001-2731 (La. 1/4/02), 805 So. 2d 211. In Fournette, an innocent bystander was accidentally shot by a store clerk during an attempted supermarket robbery. The clerk was attempting to block the path of a shoplifter as the shoplifter attempted to leave the store when his gun accidentally discharged, firing a single round when he was shoved out of the way by the shoplifter. Fournette v. Tran, 792 So. 2d at 871. The bystander filed suit and the trial court granted Colony's motion for summary judgment finding that the assault-andbattery exclusion of Colony's CGL policy precluded coverage under the policy. Fournette v. Tran, 792 So. 2d at 871. The appellate court upheld the judgment of the trial court, finding that where the injuries sustained resulted from the clerk's assault of the shoplifter, the assault-and-battery exclusion applied to preclude coverage. Fournette v. Tran, 792 So. 2d at 873. In so doing, the appellate court stated:
The assault and battery exclusion in this case is very clear. There is no ambiguity. Basically, as a result of the exclusion, Colony Insurance will not be held liable for any injuries resulting from an assault and/or battery.
Fournette v. Tran, 792 So. 2d at 873-874.
On de novo review, we find no merit to Builders' interpretation of the exclusionary language, i.e, that coverage is only excluded when the circumstances set forth in all five provisions exist. Applying such an interpretation would allow a perversion of the words of the policy so as to create ambiguity where none exists. See Edwards v. Daugherty, 883 So. 2d at 932. In our view, Builders' interpretation of the exclusionary language would leads to absurd results and render the exclusion virtually meaningless.
Like the court in Fournette, we find that the terms of the policy are clear and explicit and create no ambiguities. Moreover, we find that a reasonable interpretation of the policy clearly provides that "insurance does not apply to damages or expenses due to `bodily injury' [or] `property damage' .... arising out of or resulting from" any of the five enumerated instances, which are separately listed in the policy. Thus, we find the trial court correctly determined, as a matter of law, that the assault-and-battery exclusion in the Colony policy precludes coverage herein.

CONCLUSION
For the above and foregoing reasons, the October 9, 2008 judgment of the trial court, granting summary judgment in favor of Colony Insurance Company and dismissing with prejudice Builders' third-party claims against Colony Insurance Company, is affirmed. Costs of this appeal are assessed against the defendants/appellants, Builders Real Estate Company and Muriel Land Corporation.
AFFIRMED.
NOTES
[1] The convenience store operated under the trade name, Market Plus, but was owned by Solieman, Inc., a corporation owned by plaintiffs father, Abdullah Solieman.
[2] Spears was an employee of Market Plus and had worked there two days prior to the robbery and shooting.
[3] Builders filed a motion to supplement their third-party demand on July 14, 2008, amending their original third-party demand against Solieman, Inc. to substitute Colony Insurance Company as Solieman Inc.'s insurer.
[4] Louisiana Revised Statute 37:213 provides, in part:

A. No natural person, who has not first been duly and regularly licensed and admitted to practice law by the supreme court of this state, no corporation or voluntary association except a professional law corporation organized pursuant to Chapter 8 of Title 12 of the Revised Statutes, and no partnership or limited liability company except one formed for the practice of law and composed of such natural persons, corporations, voluntary associations, or limited liability companies, all of whom are duly and regularly licensed and admitted to the practice of law, shall:
(1) Practice law.
(2) Furnish attorneys or counsel or an attorney and counsel to render legal services.
(3) Hold himself or itself out to the public as being entitled to practice law.
(4) Render or furnish legal services or advice.
(5) Assume to be an attorney at law or counselor at law.
(6) Assume, use, or advertise the title of lawyer, attorney, counselor, advocate or equivalent terms in any language, or any phrase containing any of these titles in such manner as to convey the impression that he is a practitioner of law.
(7) In any manner advertise that he, either alone or together with any other person, has, owns, conducts, or maintains an office of any kind for the practice of law.
[5] Builders initially sought redress from this court by filing a wit application. Determining that the October 9, 2008 judgment of the trial court was a final appealable judgment, on February 26, 2009, this court denied the writ application and ordered that the matter be remanded to the trial court with instructions to grant Builders an appeal. See 2008 CW 2217.
[6] Colony additionally contends that even if Builders were properly named as an additional insured on the policy, application of the assault-and-battery exclusion would still preclude coverage herein.
[7] Nonetheless, Colony contends that if this issue were properly preserved for this Court's review on appeal, Builders' reliance on the endorsement is faulty in that reading the policy as a whole, the assault-and-battery exclusion clearly precludes coverage for the incident herein, and the endorsement above does not "nullify" or "supercede" the exclusion simply because it appears after the exclusion in the policy.
[8] Although we cannot consider contentions raised for the first time in this court, which were not pleaded in and addressed by the district court, Johnson v. State. 2002-2382 (La. 5/20/03), 851 So. 2d 918, 920-921, even if we were to find that the issue was properly before us, we find no merit to the argument presented regarding the applicability of this endorsement as a basis for finding coverage.