712 So.2d 226 (1998)
Henry C. SPICER, III
v.
LOUISIANA POWER & LIGHT COMPANY.
No. 97-C-2406.
Court of Appeal of Louisiana, Fourth Circuit.
April 8, 1998.
Rehearing Denied May 15, 1998.
Marcus V. Brown, New Orleans, for Relator.
Before SCHOTT, C.J., and PLOTKIN and CIACCIO, JJ.
CIACCIO, Judge.
We granted certiorari in this matter to consider the propriety of the trial court's denial of defendant's motion for summary judgment. We reverse and render.

FACTS
Plaintiff, Henry C. Spicer, III, was employed by Louisiana Power and Light, now known as Entergy Louisiana, Inc. (hereinafter "Entergy") on September 1, 1988. Based on his background in international trade, Spicer was assigned to the position of Economic Development Manager in the Marketing Department. This position entailed the development of new international marketing efforts for Entergy, and Spicer was authorized *227 by Entergy to maintain his relationships with several organizations which fostered international economic development. Entergy provided funds to these organizations to support plaintiff's activities in them.
In August of 1990, Spicer was reassigned to the position of ManagerBusiness Development Project in the Large Industrial Marketing Section. This reassignment did not involve international marketing. As a result of the change in position, Spicer was given a set of instructions and guidelines by Entergy, instructing him to limit his association in several organizations and to resign from the board and disassociate himself from other organizations. Spicer was also instructed by Entergy to obtain authorizations for expenses and to confine himself to domestic recruiting. Entergy determined that Mr. Spicer failed to abide by these instructions, and he was discharged from his employment on July 24, 1991.
On July 23, 1992, Spicer filed the present suit for damages against Entergy, alleging that he was unjustly terminated and that certain Entergy employees made untrue and defamatory statements about him, thereby damaging his reputation in the business community in New Orleans. Plaintiff sought damages in the form of severance pay or termination benefits as a result of the defamatory actions of his employer.
The severance pay and benefits issues were removed to federal court and these issues were dismissed by judgment dated April 19, 1993. The case was then remanded back to state court for resolution of the defamation claim.
Following the remand, Entergy filed a motion for summary judgment in state court on the grounds that plaintiff testified in his deposition that the alleged defamatory statements were true. Defendant attached to its motion portions of the pre-trial order filed by plaintiff in the federal court proceedings and excerpts from Spicer's deposition. In the pre-trial order, plaintiff contended that Jim Brown, an Entergy employee, had told various organizations to which plaintiff belonged that Entergy would no longer contribute funds to those organizations if plaintiff retained a leadership role in the organizations. In his deposition, plaintiff stated that the statements by Brown were not untrue. Plaintiff filed an opposition to this motion without supporting affidavits or other evidence. Following a hearing, the trial court denied Entergy's motion for summary judgment by judgment dated April 3, 1997.
On October 2, 1997, Entergy filed a motion to reurge its motion for summary judgment on the basis of the 1997 amendments to the summary judgment article. The trial court denied this motion for summary judgment ex parte on October 6, 1997. Entergy has now filed an application for a writ of certiorari and review of that ruling. On December 22, 1997, we granted certiorari and obtained the record of the proceedings in this matter. Although plaintiff was permitted to file a brief in this matter, he failed to do so.

DISCUSSION
In its writ application, Entergy complains that the trial court erred in denying its motion for summary judgment. The motion that was denied ex parte was the second one that Entergy had filed, and it states that it filed the second motion because of the 1997 amendment to La. C.C.P. art. 966. Entergy asserts that plaintiff did not present any evidence in opposition to the first motion and that plaintiff stated at the hearing that he would present his evidence at trial. Entergy argues that under the 1997 amendments to Article 966, plaintiff had an obligation to provide affirmative evidence in opposition to the motion for summary judgment.
Summary judgments are now favored, and the rules regarding such judgments should be liberally applied. E.g., Oakley v. Thebault, 96-0937, (La.App. 4 Cir.11/13/96), 684 So.2d 488, 490. Appellate courts review the motion for summary judgment de novo. A motion for summary judgment which shows that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law shall be granted. La. Code Civ. Proc. art. 966 C(1). An issue is genuine if reasonable persons could disagree. Smith v. Our Lady of the Lake Hospital, 93-2512 (La.7/5/94), 639 So.2d 730, 751. If, on the state of the evidence, reasonable persons could reach only *228 one conclusion, there is no need for a trial on that issue. Id.
Paragraph C(2) of Article 966, added by Acts 1997, No. 483, sets forth the burden of proof in a motion for summary judgment:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
To maintain an action in defamation, the plaintiff must prove the following elements: (1) defamatory words, (2) publication, (3) falsity, (4) malice, actual or implied, and (5) resulting injury. E.g., Brannan v. Wyeth Laboratories, Inc., 526 So.2d 1101 (La.1988).
In its motion for summary judgment, defendant contends that there is an absence of factual support for the element of falsity in plaintiff's claim for defamation. Defendant relied on plaintiff's deposition testimony in which he stated that an employee of Entergy, namely Jim Brown, was spreading "spurious" comments and rumors about his character and ability. When questioned as to whether anything in the statements made by Mr. Brown were untruthful, plaintiff replied, "Gee, not that I know of, no." Regarding the allegedly defamatory statements, Spicer further stated, "[t]hey were reports from Mr. Brown to each of those organizations and, no, there was no untruth in them."
In this action for defamation, plaintiff is not alleging that the statements made by the Entergy employee were untrue. Rather, he is alleging that the statements were negative and were made in front of a group of persons, thereby damaging his reputation in the community.
In order to meet his burden of proof at trial, plaintiff will be required to prove the statements made about him were false. However, the defendant has successfully established that the record evidence is insufficient to support Spicer's claim that the statements made by Brown were false. Indeed, by plaintiff's own admission, the statements were not false. Moreover, plaintiff has not pointed out evidence or potential evidence in the pleadings or other documents which would fulfill his obligation, nor has he provided any additional discoverable evidence to support his claim.
Under these circumstances, plaintiff has failed to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Plaintiff has failed to factually support an essential element of an action in defamation, the element of falsity. Thus, there is no genuine issue of material fact, and defendant is entitled to a judgment as a matter of law. La. Code Civ. Proc. art. 966 C(2); See also, Motton v. Lockheed Martin, 97-0204 (La. App. 4 Cir.12/1/97), 703 So.2d 202.
We conclude that the trial court erred in denying defendant's motion for summary judgment. Accordingly, we hereby render judgment in favor of defendant, Entergy Louisiana, Inc., granting its motion for summary judgment and dismissing plaintiff's petition with prejudice.
REVERSED AND RENDERED.