IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30001
Summary Calendar
_____


STEVE CAVANAUGH,

                                        Plaintiff-Appellant,

                        versus

WAL-MART STORES, INC.,

                                        Defendant-Appellee.
_____

Appeal from the United States District Court for the
Western District of Louisiana
USDC No. 5-98-CV-2361
_____

July 27, 2000

Before JOLLY, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]


       This appeal presents a defamation claim under Louisiana law.
The plaintiff, Steve Cavanaugh, a former sales representative of
Frito Lay, Inc., alleges that he was defamed by statements made by
employees of the defendant, Wal-Mart Stores, Inc.  Specifically,
Cavanaugh alleges that (1) he was defamed as a result of the
publication of a false statement made by Ronald Robinson, a

_____

       [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wal-Mart employee, and (2) he was defamed by a number of other unidentified Wal-Mart employees who told other unidentified Wal-Mart employees that his employment with Frito Lay was terminated as a result of his use of a racial epithet.  The district court granted summary judgment for Wal-Mart stating that the plaintiff "has failed to factually support . . . essential elements" of his claim.  Finding no error on the part of the district court, we affirm.

Under Louisiana law, a defamation claim has five essential elements: (1) defamatory words; (2) publication (communication to someone other than the person defamed); (3) falsity; (4) malice, actual or implied; and (5) injury.  See Juneau v. Avoyelles Parish Police Jury, 482 So.2d 1022, 1026 (La.Ct.App.3d Cir. 1986)(citing Cangelosi v. Schwegmann Brothers Giant Super Markets, 390 So.2d 196 (La. 1980)).  As a general rule, defamation "constitutes an individual tort that does not give rise to solidary liability." Manale v. City of New Orleans, Dept. of Police, 673 F.2d 122, 126 (5th Cir. 1982)(citations omitted).  An exception to this general rule has developed "when an employee makes a slanderous statement within the course and scope of his employment."  Id. (citations omitted); Melancon v. Hyatt Corp., 589 So.2d 1186 (La.Ct.App.4th

Cir. 1991).[1] Under such circumstances, "the employer is solidarily liable." Id.

We start this analysis by noting that the only defendant in this case is Wal-Mart. Consequently, Cavanaugh cannot state a viable cause of action for defamation based on the conveyance of the allegedly defamatory statement from Robinson to his manager at Wal-Mart. If a viable cause of action exists as a result of the publication of the statement by Robinson to Wal-Mart, it lies against Robinson in his individual capacity, not against Wal-Mart.

We now turn to the allegation that Wal-Mart defamed Cavanaugh as a result of conveying the allegedly defamatory statements of Robinson to Frito Lay.[2] Accepting the facts as stated in Cavanaugh's affidavit and viewing them in the light most favorable

---

[1]As noted by the Manale court, a statement will be deemed made in the "course and scope of employment" when: (1) it was "primarily employment related"; (2) it was reasonably incidental to the performance of employment duties; (3) it occurred on the employment premises; and (4) it occurred during working hours. See Manale, 673 F.2d at 125.

[2]In his affidavit, Cavanaugh states that he was falsely accused by Robinson of uttering a racial epithet. The affidavit goes on to state that as a result of Robinson reporting this conduct to his manager, Wardell Williams, Cavanaugh was confronted by Williams in the presence of his manager at Frito Lay, John Brewton, with the accusation. In the course of this interview, Cavanaugh denied uttering the racial epithet. He did, however, admit to uttering other profanity--a clear violation of Wal-Mart's store policy. Consequently, Wal-Mart suspended Cavanaugh from its Bossier facilities for ninety days as a result of Cavanaugh's own admission that he uttered profanity.

to Cavanaugh, it is clear that Wal-Mart knowingly published a false statement to Frito Lay (we will assume that Wal-Mart is charged with Robinson's alleged knowledge of its falsity). It is equally clear, however, that Cavanaugh has failed to show that he suffered any injury as a result of the publication of this statement. The undisputed evidence in the record indicates that Frito Lay terminated Cavanaugh's employment because Wal-Mart would not allow him to service its store for ninety days, not because of the publication by Wal-Mart to Frito Lay that Cavanaugh had used a racial epithet.[3] In short, Cavanaugh has failed to show any injury resulting from the publication of Robinson's allegedly defamatory statement to Frito Lay, the only third-party with respect to which the record supports a finding of publication.[4] Thus, Cavanaugh has failed to demonstrate the existence of genuine issues of material

---

[3]It appears that Cavanaugh's theory may be that he lost his job with Frito Lay because Wal-Mart wrongfully suspended him from servicing its facility based on the defamatory charge that he used a racial epithet--in other words, Wal-Mart is liable to him because it caused his discharge by wrongfully suspending him. This theory, however, does not allege any injury caused by Wal-Mart's publication of a defamatory statement to Frito Lay; it alleges an injury based on Wal-Mart's conduct, not its defamatory words.

[4]Cavanaugh alleges that as a "result" of losing his job, he suffered "psychological and emotional" injuries. Because these alleged emotional injuries resulted from the loss of his job because he could not service Wal-Mart, not from the publication of the defamatory statement by Wal-Mart to Frito Lay, they are insufficient to establish injury for purposes of Cavanaugh's prima facie case of defamation, the only claim he brings against Wal-Mart.

fact regarding an essential element of his defamation claim, to wit, an injury resulting from the defamatory publication, and Wal-Mart is entitled to judgment as a matter of law. See Spicer v. Louisiana Power & Light Co., 712 So.2d 226, 228 (La.Ct.App.4th Cir. 1998)(stating that summary judgment for the defendant is appropriate if the plaintiff has "failed to factually support an essential element of an action in defamation").

Addressing the defamation claim of Cavanaugh against Wal-Mart stemming from the statements of various unidentified Wal-Mart employees, Cavanaugh's complaint states that

> since being fired from Frito-Lay[,] the plaintiff has learned that employees at Wal Mart have repeated the story that he had been fired because of using the racial slur. . . . The false and derogatory statement made against plaintiff by Wal Mart, Inc. and its employees have defamed the plaintiff and severely damaged his reputation in his community, particularly in his work community, since he is a route salesman and has numerous customers.

In his complaint, Cavanaugh fails to identify any employee of Wal-Mart who was responsible for disseminating this information, or give any information regarding when the information was conveyed or for what reason. Further, in response to Wal-Mart's motion for summary judgment, Cavanaugh fails to provide any further evidence regarding these "defamatory statements." Consequently, Cavanaugh has failed to allege sufficient facts to raise a genuine issue regarding whether the "defamatory statements" were made by

5

Wal-Mart's employees during the course and scope of their employment.  See  Wells v. Shop Rite Foods, Inc., 474 F.2d 838, 840 (5th Cir. 1973)(stating that under Texas law vague unattributed statements of employees are insufficient to hold their employer liable in defamation);  Juneau, 482 So.2d at 1027 (stating that "broad allegation in plaintiff's petition of the defendants acts of defamation" absent "specific references to defamatory remarks made by any of the [defendants]" do not state a cause of action for defamation).  Thus, Wal-Mart is entitled to judgment as a matter of law on this claim.  See Spicer, 712 So.2d at 228.

The judgment of the district court is therefore

A F F I R M E D.