850 So.2d 24 (2003)
Dennis SKINNER and Michael Childs
v.
DERR CONSTRUCTION COMPANY, Manhattan/Gibbs, Manhattan Construction Co., Gibbs Construction Co., Herman Binz & Sons Iron Works, Arthur Q. Davis, Faia & Partners, Billes Manning Architects, Hewitt/Washington & Associates, Charles G. Lewis, et al.
No. 2002-CA-1568.
Court of Appeal of Louisiana, Fourth Circuit.
June 11, 2003.
*25 Thomas E. Loehn, Boggs, Loehn & Rodrigue, New Orleans, LA, for Defendant/Appellee.
Albert C. Miranda, Gina Puleio Campo, Miranda, Warwick, Milazzo, Giordana & Hebbler, Metairie, LA, for Defendant/Appellant.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge DENNIS R. BAGNERIS SR., Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
FACTS AND PROCEDURAL HISTORY
The underlying suit arose out of a workplace accident that occurred during the construction of the New Orleans Sports Arena. Two employees of Derr Construction Company ("Derr") fell from a lift and were injured. Derr had a subcontract agreement with Manhattan Construction Company and Gibbs Construction Company, d/b/a Manhattan Gibbs, a joint venture ("Manhattan/Gibbs"). Manhattan/Gibbs was the general contractor on the arena construction project.
The subcontract agreement provided, among other things, that Derr shall defend and indemnify Manhattan/Gibbs from any claims that might arise as a result of the contract work. Hartford Casualty Insurance Company ("Hartford") issued the insurance coverage under the contract.
After the accident, but prior to any claim being asserted, Manhattan/Gibbs hired an attorney and various experts to investigate and evaluate the incident. Manhattan/Gibbs allegedly incurred $37,997.09 in costs prior to the claims being filed and before tendering the defense to Derr or its insurer. The injured workers subsequently filed suit against Manhattan/Gibbs for damages due to personal [injuries.[1] Manhattan/Gibbs filed a third party claim against Derr and Hartford for the $37,997.09 in costs.
Hartford provided a defense for Manhattan/Gibbs in the main demand. Manhattan/Gibbs was granted summary judgment because it was the statutory employer of the injured employees and, therefore, immune from suit in tort.
Manhattan/Gibbs and Hartford submitted the former's cost reimbursement claim to arbitration and the panel found in favor of Hartford, holding that the subcontract agreement did not bind Hartford to pay for these debts incurred by Manhattan/Gibbs without Hartford's knowledge or *26 consent. Manhattan/Gibbs then filed a motion for summary judgment against Derr in District Court to collect the $37,997.09 despite the arbitration panel's decision. Derr and Hartford also filed a motion for summary judgment.
On April 26, 2002, the cross motions for summary judgment were heard by the District Court. Subsequently, summary judgment was granted as to Manhattan/Gibbs and denied as to Derr and Hartford. The District Court issued no reasons for judgment.
Appellants Derr and Hartford argue that they followed the terms and conditions of the contract; i.e., providing a defense to Manhattan/Gibbs once a suit was filed against the contractor as the contract required. Derr and Hartford contend, however, that they are not responsible for costs incurred prior to suit being filed. Instead, they maintain that it was unnecessary for Manhattan/Gibbs to incur any costs because the accident clearly fell under worker's compensation since the injured workers were employees of Derr. Once the suit had been filed against Manhattan/Gibbs, Hartford paid for the defense and ultimately sought dismissal of the tort claim against the statutory employer.
Derr and Hartford rely upon the plain language of the contract, which also seemed to be the prevailing view of the arbitration panel that found in their favor. They assert that the subcontract agreement does not cover the payment of legal and expert fees voluntarily incurred by Manhattan/Gibbs before any claim was filed and without the consent of Hartford or Derr.
Conversely, appellee Manhattan/Gibbs asserts that its motion for summary judgment was filed strictly against Derr, and not against both Derr and Hartford. Agreeing with Derr, Manhattan/Gibbs also relies upon the language of the subcontract and considers it the law between the parties. Manhattan/Gibbs, however, interprets the contractual language somewhat differently from Derr and Hartford. The former points to the language that calls for Derr to be liable to Manhattan/Gibbs for all costs Manhattan/Gibbs incurs or becomes responsible for as a result of Derr's failure to perform the subcontract. Those costs, asserts Manhattan/Gibbs, include in paragraph C all costs of defense and indemnification.[2] That paragraph indicates that if a person, including an employee of Derr, suffers any type of injury, whether or not due to the negligence of Derr or Manhattan/Gibbs, then Derr assumes the liability therefore and assumes the obligation to defend, indemnify and hold harmless from and against any and all claims, demands, or damages as to Manhattan/Gibbs.
As Derr acknowledged, the issue of obtaining counsel for Manhattan/Gibbs was discussed and Hartford advised against doing so prior to the suit being filed. Manhattan/Gibbs points out that the subcontract states that Derr's liability is independent from and not to be limited by their insurance coverage. Thus, Manhattan/Gibbs asserts that it is of no moment what Hartford decided to do; Derr is responsible for reimbursing the costs of defense to Manhattan/Gibbs pursuant to the contract between these two parties.
Additionally, Manhattan/Gibbs argues that it would be ludicrous to ignore the potential for being sued after a serious work accident occurred. Moreover, in a project environment like the ongoing construction of the sports arena, where circumstances change daily, an immediate *27 investigation following the accident was necessary. Derr should have initiated such an investigation and, when it chose not to on its own, it is still responsible for the costs incurred by the sub that it had contracted to defend and indemnify.
By the time suit was filed, no investigation could have been performed. In fact, after suit was filed, counsel for Hartford asked counsel for Manhattan/Gibbs for all of the investigation material, as one would expect. Hence, Derr is liable for the costs of that investigation, as the subcontract outlines.
Manhattan/Gibbs responds to Derr's argument that it is only responsible for costs incurred due to failure to perform work by pointing out that paragraph C of the contract specifically addresses those costs dealing with situations where people are injured and costs are incurred. Derr paid for its own costs in investigating Derr's liability and now does not want to reimburse Manhattan/Gibbs for the costs incurred in investigating any liability on the part of Manhattan/Gibbs, however, Derr is bound by the contractual terms to reimburse the former.
The only documentation in support of Derr's motion for summary judgment is the arbitration ruling on behalf of Hartford. That ruling has nothing to do with Derr's liability, which is separate and independent from any issue of insurance coverage under the subcontract.
ANALYSIS
An appellate court reviews summary judgment de novo under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. Osborne v. Vulcan Foundry, Inc., 95-2766 (La.App. 4 Cir. 5/29/96), 675 So.2d 837. Pursuant to Louisiana Code of Civil Procedure art. 966, the use of the summary judgment procedure is favored and the rules regarding such should be construed liberally. Spicer v. Louisiana Power & Light Co., 97-2406 (La.App. 4 Cir. 4/8/98), 712 So.2d 226, writ denied, 724 So.2d 209 (La.1998). The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action; it shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966 B.
Additionally, a basic principle of contract interpretation is that where no ambiguity exists, the contract should be enforced as written. La. C.C. art.2046. A contract is the law between the parties and is the measure of their rights and responsibilities.
The central issue in this appeal is whether the contractual language limits Derr's responsibility to merely costs following the filing of a suit against Manhattan/Gibbs, as Derr contends, or is broad enough to cover all costs related to the defense of Manhattan/Gibbs, as the latter contends.
The subcontract, in pertinent part, provides as follows regarding the issue of assumption of liability and costs of defense:
If any person (including employees of Subcontractor) suffers any kind of injury or death ... as a result, in whole or in part, directly or indirectly, of Subcontractor's acts or omissions, or Subcontractor's performance of the work, whether or not involving negligence of Subcontractor, ... and whether or not involving the concurring negligence of Manhattan/Gibbs, ... Subcontractor assumes the liability therefor and shall defend, indemnify and hold harmless from and against any and all claims, demands or damages resulting therefrom *28 or relating thereto the Owner and Manhattan/Gibbs and their agents, servants, employees and sureties. With respect to any action involving Subcontractor's acts or omissions, (1) Subcontractor shall at its own expense defend Manhattan/Gibbs and all other indemnified parties, and (ii) Subcontractor shall pay all costs and expenses (including attorneys' fees) of, and satisfy all judgments entered against, Manhattan/Gibbs and all other indemnified parties. Nothing herein shall preclude Manhattan/Gibbs from participating in such defense.
As the above language indicates, Denagreed in the subcontract entered into with Manhattan/Gibbs, to assume liability for the defense of or costs relating to any injuries suffered by a worker in the project. Derr's argument that the above language is limited to costs of defense subsequent to the filing of a claim is without merit. The contractual language is broad in its scope; for example, it is intended to cover situations irrespective of negligence on the part of either party. Moreover, the language refers to "any action involving Subcontractor's acts or omissions" and specifies the payment of all costs, including attorneys' fees, resulting from such an action. Nowhere in the contract does it specify coverage beginning only after suits are filed.
Under the attendant circumstances in this case, where the general contractor decided to investigate a workplace accident immediately and the subcontractor declined to participate at that time despite the contractual agreement to provide a defense to "any action," the costs incurred in the investigation were properly assigned to Derr by way of the trial court's grant of Manhattan/Gibbs' motion for summary judgment. Obviously, the investigation material was necessary for the defense; Hartford's counsel requested all of it from Manhattan/Gibbs' counsel after the former was retained. Especially in a situation like the subject project, where the ongoing construction work likely would interfere with the collection of evidence if it were not investigated immediately, the prompt initiation of such an investigation seems only logical. The subcontractor could have participated in that investigation, but declined to do so for unknown reasons. For the subcontractor then to resist reimbursement of the costs incurred in such a necessary investigation under the guise that the contract called for such reimbursement only subsequent to the filing of suit is illogical and defies a plain reading of the contract.
The arbitration decision as to the insurer is irrelevant in our inquiry. The subcontract was between Derr and Manhattan/Gibbs, not between either of them and Hartford. Thus, despite the arbitration panel's decision, Derr's liability still attached at the inception of the workplace accident for all costs and expenses of Manhattan/Gibbs's defense, which included the investigation costs, as well as the experts' and attorneys' fees.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court granting summary judgment in favor of Manhattan/Gibbs.
AFFIRMED.
NOTES
[1] Derr and Hartford had handled the incident as a worker's compensation matter because the injured workers were employees of Derr.
[2] See Subcontract Agreement, # 6(c)Subcontractor's Liability.