h EDWIN A. LOMBARD, Judge.
This appeal is from a summary judgment in favor of defendants [1] Aero Bulk Carrier, Inc., Glen Anderson, individually, and United States Fidelity & Guaranty Insurance Company, and against plaintiff, *815 Tirrell L. Selvage. We affirm the judgment of the trial court.

Relevant Facts and Procedural History

On March 29, 1999, at approximately 4 p.m., plaintiffi'appellant Tyrell Selvage (Selvage) rear-ended a truck leased by defendant/appellee Aero Bulk Carrier, Inc. (Aero Bulk), and driven by defendani/ap-pellee Glenn Anderson (Anderson) as the truck negotiated a turn on U.S. Hwy 90. Selvage filed this lawsuit on May 24, 1999, against defendants Anderson, his employer, Aero Bulk, and Aero Bulk’s insurer, United States Fidelity & Guaranty Insurance Company (U.S.F. & G.), alleging that his injuries were a result of Anderson’s negligence.
After two mistrials were declared, the case was transferred to a different division of Civil District Court on May 24, 2002, and the defendants moved for summary judgment. After the motion hearing on December 13, 2002, the trial 12court found that the plaintiff raised no issue of material fact as to whether the defendant was contributorily negligent in causing the accident at issue and, accordingly, granted summary judgment in favor of the defendants. The plaintiff challenges this judgment on appeal.

Discussion

On appeal, motions for summary judgment are reviewed de novo. Spicer v. Louisiana Power & Light Co., 97-2406 (La.App. 4th Cir.4/8/98); 712 So.2d 226, 227. Because summary judgment is now favored in Louisiana, the rules regarding such judgments should be liberally applied. Id. Summary judgment is appropriate when there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ. Proc. art. 966C(1). An issue is genuine if reasonable person could disagree. Smith v. Our Lady of the Lake Hospital, 93-2512 (La.7/5/94), 639 So.2d 730, 751. When, as in this case, the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense, the burden shifts to the nonmoving party to produce factual support sufficient to satisfy his evidentiary burden at trial. La. Code Civ. Proc. art. 966(c)(2). The failure of the non-moving party to meet this shifting burden and produce evidence of a factual dispute mandates the granting of the motion. Davis v. Bd of Sup’rs of La. State. Univ., 97-0382 (La. 4th Cir.3/18/98), 709 So.2d 1030, 1034.
The defendants contend that they are entitled to summary judgment because based upon the undisputed facts of this case[2] the plaintiff is unable to produce any evidence to support his claim for negligence. Negligence is determined in Louisiana under the duty-risk analysis. The determination of liability in a |3negligence case usually requires proof of five different elements: (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant’s conduct failed to conform to a specific standard (the breach element); (3) proof that the defendant’s substandard conduct was a cause-in-fact of the plaintiffs injuries (the cause-in-fact element); (4) proof that the defendant’s substandard conduct was a legal cause of the plaintiffs injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element). Boykin v. La. Transit Co., *816 Inc., 96-1932 (La.3/4/98), 707 So.2d 1225, reh’g denied, (4/24/98);.
In opposition to summary judgment, the plaintiff argued that all motions for summary judgment were waived because prior to the case being transferred to a different division of civil district court, an order had been issued with a diseovery/motion cut-off date of May 31, 2001, that there were substantial material issues involving the comparative fault of the parties, that defendant Aero Bulk was responsible for its negligent hiring of Anderson, and that defendant Aero Bulk was negligent for failing to have a policy for predesignating an alternative route for the transportation of hazardous cargo. On appeal, the plaintiff-appellant contends that summary judgment is inappropriate in this case because there are multiple issues of genuine material fact, the trial judge erroneously made credibility determinations, and the trial judge failed to resolve all reasonable inferences in favor of the non-movant plaintiff.
After de novo review of the record, we find that the following facts are undisputed. On the day of the accident, Anderson was traveling on Highway 90, a four lane highway divided by a median, to the Texaco plant to deliver a cargo of liquefied petroleum gas. After passing through the junction of Louisiana Highway 635 and Highway 90, Anderson saw the plant on his left and realized that he had missed the turn to the plant. Accordingly, Anderson activated his left turn signal [4and began to slow his vehicle down. He proceeded in this manner in the left lane until he reached a median crossing in the road to make a legal u-turn back to the Texaco plant. Although the weather was dear and the road unobstructed, the plaintiff rear-ended defendants’ vehicle as Anderson was negotiating the turn through the median.
We find that the plaintiff has failed to come forward with any evidence that creates a genuine dispute as to a material fact. First, the plaintiff argues that the credibility of Anderson is at issue because he had been untruthful about a suspension of his driving privileges in his employment application with Aero Bulk. There is, however, no dispute that Anderson was making a legal turn when the plaintiff rear-ended him and therefore Anderson’s credibility is not at issue and there is no basis for a negligent hiring claim.
Next, the plaintiff contends that there is a genuine dispute as to whether defendant’s u-turn at a median on heavily trafficked Highway 90 was an unsafe, dangerous act because in accordance with the Federal Motor Carriers Safety Act, 49 §C.F.R. 397.67, defendant Aero Bulk had a duty to pre-designate an alternative route of travel. Plaintiffs reliance on the federal statute as a basis for this argument is misplaced. Pursuant to subsection (d) of 49 C.F.R. §397.67, the predesignation of an alternative route is required only when the motor carrier is transporting class 1 explosives as defined in 49 C.F.R. §173.50. Liquefied petroleum gas is not an explosive for purposes of the statute and, accordingly, the statute is inapplicable.

Conclusion

After de novo review, we find that the defendants met their burden on motion for summary judgment of showing an absence of factual support for |splaintiffs claim. Because the plaintiff failed to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, summary judgment is appropriate in this case. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.

. Plaintiff initially named Gainey Transportation Service, Inc. (Gainey), the owner of the truck, as defendant, but based upon the plaintiffs motion, Gainey was dismissed as a defendant by order signed February 23, 2001.

. In support of their motion, the defendants submit the affidavits of two eyewitnesses and deposition testimony of the plaintiff, defendant Anderson, and Douglas Robert, plaintiff's expert.