WARD, Judge.
Hapax, Inc. sued Sara M. Glapion and the Succession of her late husband, Alton A. Glapion, on a $162,000.00 promissory note payable to Hapax, seeking payment of the note plus interest and attorney fees and recognition of collateral mortgages securing the note. The case was tried before a judge who denied a defense motion to dismiss at the close of the plaintiff’s case. Nonetheless, after the plaintiff had rested its case and the defendants had presented three witnesses, the defendants again moved for dismissal, asserting a peremptory exception of no right of action claiming that Hapax was not the proper party to sue on the note. The exception was sustained by the Trial Judge. Hapax appeals the dismissal of its suit.
The evidence presented at trial shows the following events surrounding the execution of the note. During the summer of 1979, Najiah, Inc., an air conditioning company owned by Alton Glapion, was in serious financial difficulty. The company’s manager recommended to Glapion that an infusion of $150,000.00 cash was necessary for the company to continue operations. Gla-pion got a loan from his attorney, Arthur O’Keefe, of the firm of O’Keefe and O’Keefe. O’Keefe preferred not to make the loan directly, and he formed a corporation, Hapax, Inc., solely for the purpose of the loan. On September 5, Alton Glapion executed a promissory note, payable to Ha-pax, Inc. six months from date, in the amount of $162,000.00. The reverse side of the note states that seven enumerated notes, dated September 7, 1979 are pledged to service the payment of the obligation represented by the note. The pledge statement is signed by Alton Glapion. Hapax, Inc. was incorporated on September 6, 1979; on September 7, O’Keefe and O’Keefe gave Glapion a check drawn on a law firm account payable to Alton Glapion in the amount of $150,000.00. The check was endorsed by Glapion personally and by Najiah, Inc. for deposit in a Najiah, Inc. bank account. Also on September 7, Alton Glapion and his wife, Sara M. Glapion, executed a series of seven bearer notes in varying amounts, totaling $256,000.00, each note secured by a mortgage on real property. The reverse side of each collateral mortgage note bears a typewritten ac-knowledgement and waiver of prescription, allegedly signed by both Mr. and Mrs. Gla-pion on July 26, 1984. The defendants claim, however, that Mrs. Glapion’s signature on these acknowledgements is a forgery. No payments were ever made on the $162,000.00 note.
Alton Glapion died unexpectedly on August 30, 1984. Mrs. Glapion qualified as executrix of his succession. Hapax, Inc. filed the present suit against the succession and Mrs. Glapion, individually, on February 22, 1985. As affirmative defenses, Mrs. Glapion and the succession pleaded forgery, prescription and lack of consideration.
In dismissing Hapax’s suit on the defendants’ exception of no right of action, the Trial Judge gave both oral and written reasons. The thrust of his oral reasons was that Hapax had failed to show that it was the proper party to collect the debt. In the written reasons, the Judge stated that Hapax had not presented evidence to sustain its claim, citing La.C.C. art. 446 and R.S. 13:3721 and 13:3722.
On appeal, Hapax asserts that it has the right of action to sue on the note, and *194 additionally, that it proved its case at trial and is entitled to judgment in its favor. Although Hapax assigns errors beyond the scope of the exception which was sustained, we hold only that Hapax has the right of action. We therefore reverse the Trial Court judgment without considering Hapax’s assigned errors which are unrelated to that judgment, and we remand for the remainder of the trial.
Hapax, Inc. is the named payee on the note for $162,000.00 executed by Alton Glapion. The payee of a note is the proper party to enforce payment. La.R.S. 10:3-301. The note is proof of the debt. Hence, parol evidence is not required to prove the debt, and R.S. 13:3721 and 13:3722, which govern the admissibility of parol evidence to prove the debt of a deceased person, do not apply.
The Trial Judge’s reasons for judgment indicate that he believed that Hapax lacked the capacity both to make the loan and to be payee of the note. He based these conclusions upon the fact that Hapax was incorporated one day after Glapion executed the note in its favor and upon the looseness of Hapax’s corporate formalities, including the lack of a board of directors resolution for the loan. These facts apparently explain the Trial Judge’s reference to C.C. art. 446 which governs the acts of unauthorized corporations and associations. The Trial Court erred, however, because the loan was made, not by the corporation, but by Arthur O’Keefe. O’Keefe then assigned the note which became the sole asset of Hapax, Inc., the corporation of which O’Keefe was the sole shareholder.
Moreover, before trial the defendants did not object to any lack of corporate capacity by Hapax, and having dealt with Hapax as a corporation and having acknowledged by means of the note that they owe an obligation to Hapax, they are now estopped from denying its existence. Southern-Gulf Marine Co. No. 9, Inc. v. Camcraft, Inc., 410 So.2d 1181 (La.App. 3rd Cir.), writ denied, 412 So.2d 1115 (La. 1982).
The Trial Judge’s reasons for judgment further indicate that he believed Hapax had no right to sue because it had not proved a link between the $150,000.00 O’Keefe check and Glapion’s note to Hapax for $162,-000.00. We interpret this issue as constituting the affirmative defense of lack of consideration which was pleaded by the defendants and which may be asserted by the maker of a note against the payee. American Bank and Trust Co. v. Sunbelt Environmental Systems, Inc., 451 So.2d 1111 (La.App. 1st Cir.1984).
The record amply proves, however, that the cheek from O’Keefe and O’Keefe was consideration for Alton Glapion’s note payable to Hapax. Michael H. O’Keefe, who signed the check, testified to the particulars of the incorporation of Hapax, Inc. and to the making of the loan. The check itself shows that it was endorsed by Gla-pion for deposit to the credit of Najiah Corp. This evidence is corroborated by the testimony of the accountant for Najiah Corp. and by a September 1979 bank statement for a Najiah, Inc. account which shows a $150,000.00 deposit. Moreover, there is no requirement that the consideration supporting a note must come from the payee. Merely because the check to Gla-pion was drawn on an O’Keefe and O’Keefe account does not mean that there was no consideration for Glapion’s note to Hapax. We therefore reject the Trial Judge’s reasons for sustaining the exception insofar as they relate to the defense of lack of consideration.
We decline to consider Hapax’s other assignment of error which go to the merits of its case because the Trial Court has not ruled on the merits. The case is now remanded for the completion of the trial and for judgment. All costs of this appeal to be paid by the defendants.
REVERSED AND REMANDED.