958 So.2d 689 (2007)
Lisa Montgomery PITTMAN
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Ken Moore.
No. 06-CA-920.
Court of Appeal of Louisiana, Fifth Circuit.
April 24, 2007.
*690 George F. Riess, Law Offices of George F. Riess & Associates, L.L.C., New Orleans, LA, for Plaintiff/Appellant, Lisa Montgomery Pittman.
Henry G. Terhoeve, Stephen Dale Cronin, Guglielmo, Marks, Schutte, Terhoeve & Love, Baton Rouge, LA, for Defendant/Appellee, State Farm Mutual Automobile Insurance Company.
Robert H. Cooper, Pelleteri, Wiedorn & Cooper, New Orleans, LA, for Defendant/Appellee, Ken Moore.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and GREG G. GUIDRY.
THOMAS F. DALEY, Judge.
The plaintiff, Lisa Montgomery Pittman, has appealed the trial court judgment in favor of State Farm Mutual Automobile Insurance Company and its employee, Ken Moore. For the reasons that follow, we reverse.
FACTS:
Plaintiff filed suit against State Farm Mutual Automobile Insurance Company (hereinafter State Farm) and its employee, Ken Moore, alleging that she was damaged when State Farm filed a fraudulent malpractice claim against her. Plaintiff is an attorney who provided legal services to State Farm and its insureds. During the course of her representation of State Farm, plaintiff represented State Farm and its insured in the case of Hickey v. Lazaro, et al. The Hickey case proceeded to trial and an excess judgment was rendered against State Farm's insured. State Farm then filed a legal malpractice claim with plaintiff's malpractice insurer, Acceptance Insurance Company (hereinafter Acceptance Insurance). At some point during the pendency of this claim, State Farm agreed through its employee, Ken Moore, to settle the claim for $20,000.00. A check was forwarded to State Farm in this amount. Upon review of the settlement documents and release agreement, Mr. Moore noted that the documents contained language to which State Farm did not agree. Although these documents are not contained in the record, the parties state that this language provided that State Farm would continue to assign cases to plaintiff wherein plaintiff would represent *691 State Farm and its insureds. State Farm notified Acceptance Insurance that it did not agree to the language in the documents; however, State Farm deposited the check that accompanied the documents. State Farm and Acceptance Insurance never reached an agreement as to the language in the settlement documents and release agreement and thus the documents were never signed by State Farm. State Farm did send a check returning the settlement proceeds to Acceptance Insurance, however, State Farm claims Acceptance Insurance refused the check.
Plaintiff then filed suit against State Farm and Moore alleging State Farm violated the Louisiana Unfair Trade Practices Act in their "unlawful settlement practices" and/or illegally converted the settlement proceeds to its own use and benefit without authority. The petition further alleged that plaintiff was told by Mr. Moore that when the malpractice claim was resolved, she would receive new assignments of cases from State Farm and for this reason plaintiff urged Acceptance Insurance to settle the malpractice claim, however, immediately after the settlement of the malpractice claim, State Farm requested the return of all assignments and files in plaintiff's office. The petition alleged that this essentially destroyed plaintiff's law practice because State Farm was her major client.
State Farm and Mr. Moore answered with general denials. Both moved for and were granted summary judgment. This timely appeal followed.
LAW AND DISCUSSION:
Appellate courts review a district court's grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Summary judgment shall be granted after adequate discovery if the motion shows there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La.Code Civ. Proc. art. 966(C)(1). The burden of proof is on the mover; however, if the mover will not bear the burden of proof at trial, the mover need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. La. C.C.P. art. 966(C)(2). Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Id.
In its Motion for Summary Judgment, State Farm argues there was no settlement with Acceptance Insurance and plaintiff. In support of this position, State Farm relies on C.C. art. 3071, which provides that a compromise agreement must be in writing, and argues that since the settlement documents in this matter were not executed, there is no enforceable settlement. State Farm further argues that there was no "meeting of the minds" as to a settlement, therefore, there was no settlement. State Farm denies its negotiation of the $20,000.00 check equates a settlement because there is no proof that State Farm intended to accept the settlement under the terms and conditions set forth in the unexecuted settlement documents.
Alternatively, State Farm argues that even if there was a binding settlement, it is unenforceable. Relying on Rule 1.16 of the Rules of Professional Conduct giving the absolute right of a client to discharge his attorney, State Farm explains that plaintiff was counsel for State Farm, at the will of State Farm, and plaintiff never had the authority to compel further referral of cases with or without the alleged settlement agreement. Attached to State Farm's motion is an affidavit executed by Mr. Moore, a claim section manager for *692 State Farm. Mr. Moore attests that State Farm asserted a malpractice claim against plaintiff to which State Farm agreed to settle for $20,000.00. State Farm received a check for $20,000.00 and informed counsel for plaintiff that it opposed the language in the settlement documents. When there was a failure to agree to the language in the settlement documents, State Farm forwarded a check to counsel for plaintiff and Acceptance Insurance for $20,000.00 plus interest, however, the check was refused.
In his Motion for Summary Judgment, Mr. Moore argues that at all times pertinent to this matter he was acting as a mandatory for State Farm and was within the limits of his authority, therefore, he can have no personal liability in this matter. He further adopted the arguments made by State Farm in its motion. Attached to this motion is an affidavit by Mr. Moore attesting that as a claim section manager for State Farm, he had authority to negotiate a compromise of the malpractice claim against plaintiff and in doing so, he acted within the scope of this authority.
The appellate record contains three memoranda in opposition to the motions for summary judgment. In the opposition filed March 22, 2005, entitled "Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment" plaintiff argues that defendant misunderstands her cause of action. Plaintiff explains that she was induced to make substantial investments in office space and equipment as a result of assurances by Mr. Moore that upon resolution of the malpractice claim, new assignments of cases would be made to her by State Farm. She further explains that the legal malpractice claim filed against her was baseless and an integral part of her fraud claim. She does not dispute that a client may discharge his attorney at any time, but argues the client does not enjoy immunity from damages caused by instituting a fraudulent malpractice claim and assuring counsel that upon resolution of said claim, the client will resume making new assignments of cases to counsel. She argues that Mr. Moore's affidavit does not address these claims. Plaintiff further argues that she is at a disadvantage in defending this motion because State Farm has refused to produce the claim filed in the Hickey case and other outstanding discovery. Attached to this opposition is a copy of plaintiff's petition and a copy of plaintiff's Motion to Compel Discovery.
In the opposition filed April 27, 2005 entitled "Second Supplemental Memorandum in Opposition to State Farm's Motion for Summary Judgment," plaintiff again argues that defendants' summary judgment fails to address her causes of action. She argues that allegations of fraud by their nature pose factual questions, which are not to be resolved by summary judgment. Plaintiff further argues that adequate discovery has not been conducted and refers to her Motion to Compel. She contends that in his deposition, Mr. Moore refused to answer certain questions and to produce certain documents regarding the malpractice claim. She explains that her Motion to Compel was set for September 16, 2004, but was cancelled due to the court being closed for a hurricane. Plaintiff states she did not immediately seek to reset the motion because her husband suffered a grave illness. Specifically, plaintiff argues that Mr. Moore invoked the attorney client privilege when he was asked to produce State Farm's file and questioned as to facts regarding the Hickey case and refused to answer questions regarding State Farm's policies regarding handling of the Hickey case. Plaintiff then lists numerous questions she would like answered by State Farm, which relate to the criteria employed by State Farm in asserting *693 a professional malpractice claim against its attorneys and the names of attorneys against whom State Farm has filed malpractice claims.
Plaintiff filed a Memorandum in Opposition to defendant, Ken Moore's, Motion for Summary Judgment on April 27, 2005. In this opposition, plaintiff argues that as a party who participated in the fraud, Mr. Moore is a proper party to this litigation. She contends Mr. Moore's agency defense is a factual question, which is not an issue to be resolved on summary judgment. Plaintiff also argues that whether Mr. Moore exceeded his authority by refusing to sign the release, but negotiating the settlement check is likewise a factual issue.
State Farm filed a reply memorandum arguing that plaintiff's affidavit is inadmissible because it does not make statements of fact, rather it asserts legal conclusions and beliefs that lack foundation. State Farm further argues that the failure of plaintiff to produce any evidence of any material factual disputes mandates the granting of its summary judgment.
We will first address plaintiff's argument that summary judgment was premature because discovery was not complete. The appellate record indicates that plaintiff filed a Motion to Compel on March 27, 2003. She requested the court compel defendant, State Farm, to respond to Interrogatories and Requests for Production of Documents that were served on State Farm on March 4, 2002. The Motion to Compel was set to be heard on May 6, 2003. Apparently, the parties entered into a protective order regarding these discovery requests and the motion was not argued. A minute entry dated May 6, 2003, states a Motion to Compel was set to be heard on this date and no one appeared in court.
Mr. Moore's deposition was taken by plaintiff's counsel on January 21, 2003 and on April 8, 2004. In its brief, State Farm states that during the January deposition, Mr. Moore refused to answer questions and produce documents related to State Farm's obligation to outside counsel. The deposition was stopped. It is unclear whether plaintiff obtained a ruling on this issue. During the course of the April deposition, Mr. Moore refused to answer certain questions regarding the Hickey case and other questions related to State Farm's Legal Services Program. State Farm also refused to produce its file on the Hickey case. On July 20, 2004, plaintiff filed a Motion to Compel these answers and documents. Plaintiff's Motion to Compel set to be heard on September 16, 2004, but was continued without date by the court due to the court's closure for an impending hurricane.
The record reflects that State Farm filed its Motion for Summary Judgment on January 5, 2005. Plaintiff moved to have the Motion to Compel reset on March 28, 2005. The Motion for Summary Judgment was originally set to be heard on March 23, 2005. Pursuant to plaintiff's request the hearing was continued to May 3, 2005. Plaintiff then moved to have her Motion to Compel heard at the same time.
Although the language of Code of Civil Procedure article 966 does not grant a party an absolute right to delay a decision on a Motion for Summary Judgment until all discovery is complete, the law does require that parties be given a fair opportunity to present their claim. West v. Watson, 35,278 (La.App. 2 Cir. 10/31/01), 799 So.2d 1189. Plaintiff represented to the trial court and to this Court that she did not immediately move to reset her Motion to Compel for hearing after it was continued without date due to the court's closure because her husband suffered a grave illness. There is no indication from *694 the record that plaintiff was repeatedly using delay tactics to retard the progression of her own claim. Rather, the record reflects that when State Farm moved for summary judgment, plaintiff moved to set the Motion to Compel for hearing in an attempt to obtain answers to her discovery requests to adequately oppose the Motion for Summary Judgment. Our review of the entire record before us leads to the conclusion that the trial court erred in granting defendants' Motions for Summary Judgment when a Motion to Compel Discovery was outstanding, which plaintiff argues affected her ability to defend the Motions for Summary Judgment.
Plaintiff further argues that defendants Motions for Summary Judgment and Mr. Moore's affidavits do not dispose of plaintiff's entire claim. In her petition, plaintiff asserts three possible causes of action, namely, malicious prosecution, defamation, and detrimental reliance. In its Motion for Summary Judgment State Farm argues plaintiff has no cause of action against it because there was no settlement on the malpractice case. State Farm contends there was no settlement because there was nothing in writing that was signed by both parties, there was no meeting of the minds because State Farm did not agree to language in the settlement documents whereby State Farm would continue to refer cases for defense to plaintiff, and there was no accord and satisfaction because their deposit of the check did not bind State Farm to the terms of the proposed settlement documents. State Farm then argues even if there was a binding settlement, it is not enforceable because a client has an absolute right to discharge his attorney at any time. The affidavit by Mr. Moore states that State Farm never filed suit against plaintiff, rather a "letter claim" was made with Acceptance Insurance and State Farm agreed to accept $20,000.00 to resolve the claim. He further attests that State Farm expressed its opposition to the language in the proposed settlement documents and deposited the check. He goes on to state that since the filing of the malpractice claim State Farm has sent "few or no `new' assignments or files to Pittman." This affidavit does nothing to address plaintiff's malicious prosecution, defamation, or detrimental reliance claims. In fact, nowhere in the affidavit does Mr. Moore state that he did not promise plaintiff that more cases would be forthcoming upon resolution of the malpractice claim. Likewise, the Motion for Summary Judgment filed individually by Mr. Moore, wherein he argues that he was acting as a mandatary for State Farm and can have no personal liability, fails to address plaintiff's claims of malicious prosecution, defamation, and detrimental reliance. In the affidavit attached to this motion Mr. Moore again does not state that he did not promise that more cases would be forthcoming upon resolution of the malpractice claim.
In Sheppard v. City of Baton Rouge, 2002-2421 (La.App. 1 Cir. 9/17/04), 897 So.2d 25, writ denied, 2004-2566 (La.1/14/05), 889 So.2d 268, the court engaged in a discussion as to the meaning of the language in article 966 regarding the moving party "pointing out" that there is an absence of support for one of the non-movant's allegations. The court concluded that the moving party cannot prevail on the motion by merely arguing there is a general lack of proof for the non-movant's claims. Rather, the movant must point out with specificity which specific elements of proof are lacking. In the case at bar, defendants argue plaintiff cannot prevail because there was no settlement on the malpractice case and because a party can discharge its attorney at any time. However, defendants did not point out with specificity that plaintiff lacks proof on the *695 malicious prosecution, defamation, and detrimental reliance claims. Defendants only argue that plaintiff cannot prevail on the merits because she does not have a valid contract to enforce. This is insufficient for defendants to prevail on their Motions for Summary Judgment. Since the defendants did not make a sufficient showing that plaintiff lacks specific proof regarding specific allegations, the burden did not shift to plaintiff to show that she can come forward with sufficient proof.
CONCLUSION:
Plaintiff alleged that she was damaged when State Farm and Mr. Moore filed a fraudulent malpractice claim against her. The trial court erred in granting summary judgment when there was an outstanding Motion to Compel defendants' responses to discovery requests. Further, defendants did not carry their burden of proving there is an absence of support for all of plaintiff's claims. Accordingly, the judgment of the trial court is reversed.
REVERSED.