AARON & TURNER, LLC
v.
MELISSA MICHELLE PERRET AND CONTINENTAL FINANCIAL GROUP, INC.
No. 2007CA1701.
Court of Appeal of Louisiana, First Circuit.
June 6, 2008.
Not Designated for Publication
RANDALL A. SHIPP, GARTH J. RIDGE, Baton Rouge, LA Counsel for Defendant-Appellant Melissa Michelle Perret.
CONNELL L. ARCHEY, JENNIFER A. HATAWAY, Baton Rouge, LA, Counsel for Plaintiff-Appellee Aaron & Turner, L.L.C.
Before: WHIPPLE, GUIDRY, and HUGHES, JJ.
GUIDRY, J.
A borrower appeals a summary judgment dismissing her reconventional demand against the noteholder for its alleged negligence in performing the loan closing. For the reasons that follow, we reverse.

FACTS AND PROCEDURAL HISTORY
In 2001, Melissa Michelle Perret refinanced the mortgage on her home by executing a promissory note in favor of ABN AMRO Mortgage Group, Inc. (ABN AMRO) and an act of mortgage on her home to secure payment of the promissory note. Ms. Perret later learned that the funds disbursed to and on her behalf during the transaction were advanced by Aaron & Turner, L.L.C., the law firm that acted as the closing agent for the transaction. The funds were disbursed from the law firm's "Real Estate Escrow" account. The discovery that the law firm had advanced the funds was not made until years later when it was revealed that the refinance loan was never funded by ABN AMRO.
On learning of the mistake, Aaron & Turner, L.L.C. demanded that Ms. Perret pay the total outstanding indebtedness due on the note, but its demand was refused. Aaron & Turner, L.L.C. then had ABN AMRO assign the note and mortgage to it by an act of assignment dated February 9, 2006. Thereafter, on February 17, 2006, Aaron & Turner, L.L.C. filed a petition in the Nineteenth Judicial District Court seeking to enforce the mortgage and to recover the amounts outstanding on the note, including late fees and interest, or in the alternative, to recover the amount loaned under the theory of unjust enrichment. Ms. Perret and Continental Financial Group, Inc. (CFG)[1] were named as defendants in the petition. By a supplemental petition, Aaron & Turner, L.L.C. amended its petition to declare Ms. Perret to be in default on the note and sought to recover the total amount of the note, plus late fees, interest, attorney fees, and court costs. Aaron & Turner, L.L.C. also filed a separate proceeding for executory process in a different division of the trial court to recover on the note and mortgage executed by Ms. Perret.[2]
In response to the petitions, Ms. Perret filed a motion for partial summary judgment seeking to have the trial court dismiss "all rights, claims and causes of action" premised on the February 28, 2001 mortgage and note, declare the mortgage and note null, and order cancellation of the mortgage and note. Ms. Perret subsequently filed a reconventional demand seeking compensation for mental, emotional and pecuniary damages and losses that she allegedly sustained as result of the negligence committed by Aaron & Turner, L.L.C. in performing the February 28, 2001 loan closing. Aaron & Turner, L.L.C, in turn, filed a motion for summary judgment seeking dismissal of the claims raised by Ms. Perret in her reconventional demand.
A hearing on the cross motions for summary judgment was held on May 14, 2007, wherein the trial court denied Ms. Perret's partial motion for summary judgment and granted the motion for summary judgment filed by Aaron & Turner, L.L.C, dismissing with prejudice the claims asserted by Ms. Perret in her reconventional demand. A judgment to that effect was signed on May 29, 2007, from which Ms. Perret appeals.

ASSIGNMENT OF ERROR
In this appeal, Ms. Perret contends that the trial court erred in dismissing her reconventional demand based on its finding that the note and mortgage at issue in these proceedings were enforceable.

APPELLATE JURISDICTION
This matter comes before us pursuant to a summary judgment granted in favor of Aaron & Turner, L.L.C. that was designated as a final judgment by the trial court for purposes of appeal. See La. C.C.P. art. 1915(B). The trial court gave no explicit reasons for its determination that no just reason for delay existed, other than the hope that consideration of the underlying judgment could be made in conjunction with review of another appeal pending before this panel under docket number 2007 CA 1425. Since we cannot determine the merits of this appeal unless our jurisdiction is properly invoked by a valid final judgment, see La. C.C.P. art. 2083, we must make a de novo determination of whether the designation is proper. See R.J. Messinger. Inc. v. Rosenblum, 04-1664, pp. 13-14 (La. 3/2/05), 894 So.2d 1113, 1122.
Some of the factors we are advised to consider in our de novo determination of whether the judgment is properly designated as a final judgment include: (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; and (4) miscellaneous facts such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. R.J. Messinger, Inc., 04-1664 at 14, 894 So. 2d at 1122-1123.
Based on our consideration of all the relevant factors, we find the trial court's designation of the judgment as final is proper, especially in light of the fact that the only issues left remaining in this suit are those asserted by Ms. Perret in her reconventional demand.[3]

STANDARD OF REVIEW
A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). On a motion for summary judgment, the burden of proof is on the mover. If the moving party will not bear the burden of proof at trial on the matter, that party's burden on a motion for summary judgment is to point out an absence of factual support for one or more essential elements of the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2); Robles v. ExxonMobile, 02-0854, p. 4 (La. App. 1st Cir. 3/28/03), 844 So. 2d 339, 341. An appellate court's review of a summary judgment is de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. R.G. Claitor's Realty v. Rigell. 06-1629, p. 4 (La. App. 1st Cir. 5/4/07), 961 So. 2d 469, 471-472, writ denied, 07-1214 (La. 9/21/07), 964 So. 2d 340.

DISCUSSION
In granting Aaron & Turner, L.L.C.'s motion for summary judgment, and consequently denying Ms. Perret's partial motion for summary judgment, the trial court found that consideration was given for the note. It further found that Aaron & Turner, L.L.C. was entitled to judgment as a matter of law based on a judgment declaring the note to be valid that was rendered in the executory process suit filed by Aaron & Turner, L.L.C. in another section of the trial court.
At the outset, we observe a procedural defect in the trial court's judgment to the extent that the judgment was rendered based on the res judicata effect of the prior judgment rendered in the executory process suit. Like the objection of prescription, the objection of res judicata must be specially pleaded; a court cannot supply it. La. C.C.P. art. 927. The objection must be presented in a formal pleading and cannot be injected as an issue solely by brief or oral argument. Union Planters Bank v. Commercial Capital Holding Corporation. 04-1521, pp. 4-5 (La. App. 1st Cir. 3/24/05), 907 So. 2d 134, 136. Aaron & Turner, L.L.C. never specifically plead the objection of res judicata before the trial court or this court, and as such, the prior judgment in the executory process suit cannot act as a bar to consideration of Ms. Perret's claims in this suit.
Thus, turning to the merits of the motion for summary judgment, as previously outlined, Aaron & Turner, L.L.C. filed the motion for summary judgment to obtain dismissal of Ms. Perret's reconventional demand. The law firm "pointed out" that Ms. Perret would not be able to establish that the note and mortgage were invalid as the basis for seeking dismissal of her reconventional demand. The trial court agreed, finding that consideration was given for the note and mortgage, and granted Aaron & Turner, L.L.C.'s motion for summary judgment. Based on the plain language of the note and mortgage, we agree with the finding that consideration was given for the note.
From the standpoint of the law on contract interpretation, a contract is the law between the parties, and is read for its plain meaning. Chailland Business Consultants v. Duplantis, 03-2508, p. 7 (La. App. 1st Cir. 10/29/04), 897 So. 2d 117, 123, writ denied, 04-2922 (La. 2/4/05), 893 So. 2d 878. Agreements legally entered into have the effect of law upon the parties thereto, and courts are bound to give legal effect to these agreements according to the true intent of the parties, as generally determined by the words of the contract when the words are clear and specific. Rosenkrantz v. Baton Rouge Psychological Associates, 94-2340, pp. 5-6 (La. App. 1 Cir. 6/23/95), 657 So. 2d 1353, 1356, writ denied, 95-2251 (La. 11/17/95), 663 So. 2d 707, and writ not considered. 95-2392 (La. 11/17/95), 663 So. 2d 707.
In the first section of the note entitled "BORROWER'S PROMISE TO PAY," the note recites "[i]n return for a loan that I have received, I promise to pay U.S. $40,000.00... plus interest to the order of the Lender." The lender is then described in the note as being "ABN AMRO MORTGAGE GROUP, INC." Nothing in the quoted language or elsewhere in the note states that $40,000.00 was paid by or had to be provided by ABN AMRO; rather, as the note recites, consideration for the note was based simply on Ms. Perret having "received" the sum of $40,000.00. Aaron & Turner, L.L.C. presented undisputed evidence that Ms. Perret did "receive" the sum of $40,000.00, thus consideration for the note was established. See also Hapax. Inc. v. Succession of Glapion, 519 So. 2d 192, 194 (La. App. 4th Cir. 1987), writ denied. 520 So. 2d 430 (La. 1988) (where the court found that "there is no requirement that the consideration supporting a note must come from the payee.")
Nevertheless, we find that the trial court did err in dismissing Ms. Perret's reconventional demand on this basis, since Aaron & Turner, L.L.C. made no showing to address Ms. Perret's claim of negligence.[4] In her reconventional demand, Ms. Perret alleged:

8.
...the remedies sought by the [sic] Aaron & Turner are derived from [its] negligence in failing to confirm the funding of the loan at the original closing and [its] new, renewed and continuing acts of negligence in failing to discover the failure of ABN AMRO to fund the loan until in or about August, 2005.

9.
Additionally, the over $15,000.00 in interest sought by Aaron & Turner was "earned", at least in large part, from [clients'] funds.

* * *

11.
The actions of Aaron & Turner have damaged [Ms. Perret] by creating derogatory and defamatory public information which attributes the various claims made by Aaron & Turner to her alleged failures and have and continue to cause her mental and emotional pain and suffering and pecuniary damages including attorney fees and the threatened loss of her home and expenses incurred in connection therewith.
As the movant on the motion for summary judgment, Aaron & Turner, L.L.C. had the burden of proof according to La. C.C.P. art. 966(C)(2); however, because the law firm would not bear the burden of proof at trial on Ms. Perret's reconventional demand, Aaron & Turner, L.L.C. needed only to "point out" to the court that there was an absence of factual support for one or more elements essential to Ms. Perret's reconventional claim for negligence. Although Ms. Perret characterizes her claim as simple "negligence" in her reconventional demand, we observe that based on the facts pled, her claim appears to be one of legal malpractice.[5] To establish a prima facie case for legal malpractice, a plaintiff must prove there was an attorney-client relationship, the attorney was guilty of negligence in his handling of the client's case or professional impropriety in his relationship with the client, and the attorney's misconduct caused the client some loss or damage. Sherwin-Williams Company v.cFirst Louisiana Construction, Inc., 04-0133, p. 3 (La. App. 1st Cir. 5/6/05), 915 So. 2d 841, 844.
In its motion for summary judgment, Aaron & Turner, L.L.C., in an attempt to "point out an absence of factual support for one or more essential elements of Ms. Perret's reconventional demand, simply asserted that "[n]o damages can follow as a matter of law from the proper use of an executory proceeding by a noteholder." Under the facts of this case, we do not agree. Herein, Aaron & Turner, L.L.C. is not simply a noteholder, but also acted as counsel during the closing. A claim for damages can be based on an attorney's negligence in transacting a closing and does not have to be based on a finding that the note and/or mortgage were invalid or unenforceable. See Sherwin-Williams Company, 04-0133, 915 So. 2d 841; Howard v. Wicker, 94-1245 (La. App. 1st Cir. 4/7/95), 653 So. 2d 845.
Further, the arguments and evidence offered by Aaron & Turner, L.L.C. in support of its motion for summary judgment do not specifically address any element of Ms. Perret's legal malpractice claim as required to shift the burden on the motion to Ms. Perret. The overarching language of the motion attacking Ms. Perret's reconventional demand, alone, is insufficient to satisfy Aaron & Turner, L.L.C.'s burden of proof on the motion. See Hoover v. Hoover. 01-2200, pp. 7-8 (La. 4/3/02), 813 So. 2d 329, 333-334. Rather, Aaron & Turner, L.L.C. was required to point out with specificity the lack of proof of an element essential to Ms. Perret's negligence claim to prevail on its motion for summary judgment. See Pittman v. State Farm Mutual Automobile Insurance Company. 06-920, pp. 10-11 (La. App. 5th Cir. 4/24/07), 958 So. 2d 689, 694-695; see also Sheppard v. City of Baton Rouge, 02-2421, pp. 8-9 (La. App. 1st Cir. 9/17/04), 897 So. 2d 25, 30, writ denied. 04-2566 (La. 1/14/05), 889 So. 2d 268. Since Aaron & Turner, L.L.C. did not make such a showing, the burden of proof never shifted to Ms. Perret to show that she can come forward with sufficient proof on the negligence action asserted in her reconventional demand.
As the movant on the motion for summary judgment seeking dismissal of Ms. Perret's reconventional demand, Aaron & Turner, L.L.C. had to show that there was an absence of factual support for an element of Ms. Perret's legal malpractice claim. Aaron & Turner, L.L.C. failed in that regard. Therefore, we conclude that the trial court erred in granting Aaron & Turner, L.L.C.'s motion for summary judgment.

CONCLUSION
Having found that the trial court erred in granting summary judgment in favor of Aaron & Turner, L.L.C. based on the law firm's failure to "point out an absence of factual support" regarding any element of Ms. Perret's legal malpractice claim, we reverse that portion of the judgment appealed and remand this matter back to the trial court. All costs of this appeal are cast to the appellee, Aaron & Turner, L.L.C.
REVERSED IN PART AND REMANDED.
NOTES
[1] According to the petition, CFG was named as a defendant" in the event that the Note and related mortgage are found to be unenforceable for any reason, CFG would be liable to Aaron & Turner... due to the negligence of CFG in advising Aaron & Turner that the loan had been funded when in fact CFG had failed to request and obtain funding of the loan." CFG filed a dilatory exception raising the objection of prematurity and improper joinder of parties in response to the petition. A hearing on the exception was passed without date by the trial court.
[2] Ms. Perret attempted to enjoin the executory process proceedings and appealed the trial court's denial of her petition for injunctive relief to this court; however, because Ms. Perret's home was sold at sheriffs sale before this court could act on her appeal, her appeal of that judgment was dismissed as moot. Aaron & Turner. LLC v. Perret, 06-2433 { La. App. 1st Cir. 9/14/07), 971 So. 2d 1049.
[3] As previously discussed in footnote number two, Aaron & Turner, L.L.C. has recovered on the claims asserted in the primary demand herein in an executory process suit filed subsequent to the instant suit.
[4] Although Ms. Perret does not specifically urge as error the trial court's failure to recognize that Aaron & Turner, L.L.C. did not sustain its burden on its motion for summary judgment, her assignment of error challenging the trial court's dismissal of her reconventional demand based on the enforceability of the note and mortgage is broad enough to encompass the argument that Aaron & Turner, L.L.C. did not carry its burden. In our de novo review of the record, we are free to look at the evidence afresh and decide for ourselves whether Aaron & Turner, L.L.C. met its requisite burden on the motion. Hutchinson v. Knights of Columbus. Council No. 5747. 03-1533, p. 5 (La. 2/20/04), 866 So. 2d 228, 232; see also La. C.C.P. arts. 2129 and 2164.
[5] Louisiana has chosen a system of fact pleading. La. C.C.P. art. 854, Official Revision Comments-1960, comment (a). Therefore, it is not necessary for a plaintiff to plead the theory of the case in the petition.